## CATHERINE HART *vs.* RUTH P. WRIGHT.

Suffolk.   March 1, 1920. — March 3, 1920.

Present: RUGG, C. J., BRALEY, CROSBY, CARROLL, & JENNEY, JJ.

*Negligence,* Of owner of real estate. *Snow and Ice. Way,* Public. *Municipal Corporations,* By-laws and ordinances.

Personal injuries sustained by falling on ice on a sidewalk in front of vacant land will not render the person in control of the real estate liable therefor in damages where it does not appear that the ice resulted from an artificial collection of water by spout or otherwise, although the person in control of the premises violated a municipal ordinance in failing to remove the ice or to render walking over it safe by scattering ashes, sand or other material.

TORT for personal injuries sustained on January 23, 1917, alleged to have been caused by slipping upon an accumulation of ice on the sidewalk in front of and adjoining vacant land owned by the defendant on A Street in South Boston.  Writ dated May 25, 1917.

In the Superior Court the case was tried before *Fessenden,* J. The plaintiff introduced evidence that at about 8:30 P.M. on January 23, 1917, while walking on the sidewalk in front of the defendant's land she slipped on the ice and fell, breaking her arm, and that the entire surface of the sidewalk at the time was a glare of ice about three inches thick, without sand, ashes or other material to prevent slipping.  The defendant admitted that, since February 27, 1916, when she became owner of the land, she had never removed nor caused to be removed any snow or ice from the sidewalk, nor placed nor spread any ashes, sand, sawdust or other material to cover any ice or snow on the sidewalk.

There was evidence that there was no structure other than a billboard on the defendant's land.  At the close of the plaintiff's evidence the defendant asked the judge to rule that on all the evidence the plaintiff was not entitled to recover.  The judge so ruled and ordered a verdict for the defendant.  The plaintiff alleged exceptions.

*A. J. Connell,* for the plaintiff, submitted a brief.

*H. P. L. Partridge,* for the defendant.

By the Court. This is an action of tort wherein the plaintiff seeks to recover compensation for personal injuries sustained by her while a traveller upon a highway, by slipping upon natural ice on the sidewalk adjacent to land owned by the defendant. There was no evidence of artificial collection of water by spout or otherwise. The record utterly fails to disclose any ground of liability. This is equally so, even if it be assumed that the defendant violated some ordinance in failing to remove the ice or to render walking over it safe by scattering ashes, sand or other material. The case is covered by the authority of numerous decisions. *Kirby* v. *Boylston Market Association,* 14 Gray, 249, 252. *Sanborn* v. *McKeagney,* 229 Mass. 300, and cases collected.

*Exceptions overruled.*