ETHEL LUCAS *vs.* LILLIAN M. THAYER.

Essex.    March 8, 15, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Negligence,* Of one owning or controlling real estate.  *Snow and Ice.  Evidence,* Inference, Presumptions and burden of proof.

At the trial of an action of tort for personal injuries, there was evidence that the plaintiff fell upon ice on a sidewalk at a point about in line with the side of a driveway which was near the boundary line of the defendant's land; that the ice came over a retaining wall into the driveway and onto the sidewalk; that there was ice about a foot wide along the edge of the driveway which did not extend far back into the driveway; and that the construction of the driveway had changed the natural grade of the defendant's land. There was no evidence that, if the ice were caused by water flowing down the driveway, the water came down in greater amounts or in a different manner than might have occurred in the natural state of the land. A verdict was ordered for the defendant. *Held,* that
      (1) An inference was justified that the water came from the surface adjoining the retaining wall;
      (2) The evidence would not warrant a finding that the defendant had collected water on his land at this point and discharged it through an artificial channel upon the sidewalk;
      (3) The verdict properly was ordered for the defendant.

TORT.   Writ dated October 24, 1924.

In the Superior Court, the action was tried before *Qua,* J. Material facts are stated in the opinion.   After the jury had

answered two special questions at the close of the evidence, the judge ordered a verdict for the defendant and reported the case for determination by this court.

The case was submitted on briefs.

*J. W. Morgan & M. Brown*, for the plaintiff.

*A. Kobrin*, for the defendant.

SANDERSON, J.   This is an action of tort to recover damages for injuries to the plaintiff caused by falling on ice formed by water alleged to have been gathered upon the defendant's land and negligently discharged upon the sidewalk through an artificial channel on the defendant's property.

The plaintiff was walking in front of the driveway leading from the defendant's premises and fell on the ice at the place indicated by a cross on a plan.   The evidence tended to show that this spot was approximately two feet from the curbing and about in line with the side of the driveway which was near the boundary line of the defendant's lot.   The ice was described as coming over the retaining wall into the driveway and on to the sidewalk at the place where she fell, and there was ice along the driveway edge.   The witness stated that she did not know how far back on the driveway there was ice; that she thought it covered a space on the curbing about a foot wide and did not extend far back into the driveway.

The jury found in answer to special questions that the plaintiff was injured by falling upon the ice on the sidewalk formed from water which flowed from the defendant's land; and that she was not guilty of contributory negligence.   The judge ordered a verdict for the defendant and reported the case.

The driveway was seven feet in width, and so constructed that the grade to the street was somewhat greater than that of the land in its natural state; but, if it be assumed that the ice on which the plaintiff fell was caused by water which had flowed down the driveway, it was not shown that this water came down in greater amounts or different manner than might have occurred in the natural state of the land.   "A landowner has a right to change the surface of his lot, or improve it by the construction of buildings or by other

means, in any lawful manner, and if the natural course of surface water is thereby altered no liability is imposed on him." *Field* v. *Gowdy*, 199 Mass. 568, 570. The testimony of the plaintiff and the only other witness who saw the accident tended to prove that the ice on which she fell was so connected with ice over the short retaining wall at the side of the driveway near the sidewalk as to justify the inference that the water came from the surface adjoining the retaining wall. This retaining wall is so close to the boundary line of the defendant's land that the evidence would not justify a finding that the defendant had collected water on her land at this point and discharged it through an artificial channel upon the sidewalk.

*Judgment for defendant on the verdict.*