SARAH GRIMM *vs.* TILLIE PROMBOIM.

Suffolk. December 6, 1928. — January 3, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Snow and Ice. Negligence,* Of person in control of real estate.

An action, for personal injuries suffered when the plaintiff slipped and fell on a ridge of ice on a sidewalk in front of a building of the defendant, cannot be maintained on evidence merely showing that water which formed the ice came from snow melting on a block of granite or abutment between two sets of stone steps leading up to the building or on an adjoining lawn, if there is no evidence warranting a finding that

the slope of the ground or the shape or location of the abutment artificially created a condition that increased or changed the flow of water upon the sidewalk at the place where the plaintiff fell.

TORT. Writ dated March 10, 1926.

In the Superior Court, the action was tried before *Callahan*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the judge allowed a motion by the defendant that a verdict be ordered in her favor. The plaintiff alleged exceptions.

*F. D. Harrigan*, for the plaintiff, submitted a brief.

*W. B. Leach, Jr.*, for the defendant.

SANDERSON, J. This is an action for personal injuries sustained by the plaintiff, a pedestrian, from falling on a ridge of ice on the sidewalk in front of premises owned by the defendant. No part of the defendant's building extended beyond the street line. There was no evidence that the premises were out of repair or defective. The ridge of ice was said to start near the block of granite or abutment running between two sets of stone steps leading up to the building. The place from which the water forming the ice came is not free from doubt upon the evidence, but if it be assumed that the water came from snow melting on the abutment or upon the lawn, there could be no recovery. It did not appear that the slope of the ground, or the shape or location of the abutment, artificially created a condition that increased or changed the flow of water upon the sidewalk at the place where the plaintiff fell. No channel was created and it did not appear that the changes made upon the land would render the defendant liable for ice formed from water flowing from the lawn or the abutment upon the sidewalk. *Field* v. *Gowdy*, 199 Mass. 568, 570.

The case in its essential features is controlled by *Robrish* v. *Snyder*, 252 Mass. 92, and *Lucas* v. *Thayer*, 263 Mass. 313.

*Exceptions overruled.*