EDNA GRAHAM *vs.* MAX ANDREWS & others.

Middlesex.	November 3, 1930. — November 6, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Of one owning or controlling real estate.	*Snow and Ice.*

Evidence, at the trial of an action of tort for personal injuries sustained by the plaintiff by slipping on ice while walking on a sidewalk in front of premises owned by the defendants, that there was no building on such premises, but merely a rough open fence enclosing an excavation adjacent to the sidewalk; that considerable snow had fallen on the day of the accident; that there was rough ice between the posts of the fence as if snow had melted and run out, and snow on the sidewalk about a foot outside the fence near the posts; that the "snow was more inside the fence"; and that there was an ordinance requiring the owner of land abutting a sidewalk encumbered with ice to cause the sidewalk to be made safe for travel, did not warrant a finding that the defendants had artificially collected on their premises snow from which water flowed over the sidewalk forming the ice; and the plaintiff could not recover.

TORT.	Writ dated April 15, 1927.

Material evidence at the trial in the Superior Court before *Weed*, J., is stated in the opinion. Subject to leave reserved under G. L. c. 231, § 120, a verdict for the plaintiff in the sum of $800 was recorded. Thereafter the judge ordered the entry of a verdict for the defendants. The plaintiff alleged an exception.

The case was submitted on briefs.

*M. R. Flynn*, for the plaintiff.

*T. Kelly*, for the defendants.

RUGG, C.J.	This is an action of tort to recover compensation for personal injuries sustained by the plaintiff,

by slipping on ice, while walking on a sidewalk in front of premises owned by the defendants. · The question for decision is whether there was sufficient evidence to support a finding that the defendants artificially collected on their premises snow from which water flowed over the sidewalk forming ice whereby the plaintiff was injured. The evidence in its aspect most favorable to the plaintiff tended to show that the injuries were received on a morning when it was storming; that there was no building but only an excavation on the land of the defendants; that the sidewalk was icy with frozen slush and water; that on land of the defendants adjacent to the sidewalk was a rough open fence made of posts about three feet high set fifteen or twenty feet apart with two boards three or four inches wide lengthwise between the posts, one about half way up and the other along the top of the posts. Considerable snow had fallen previously. Between the posts was rough ice as if snow had melted and run out. "The snow was more inside the fence. The water had come from melted snow and froze that night." "On the sidewalk outside the fence there was snow about a foot out from the fence near the posts." There was an ordinance requiring the owner of land abutting a sidewalk encumbered with ice to cause the sidewalk to be made safe for travel.

The evidence did not warrant a verdict for the plaintiff. The case is governed in every essential by *Hart* v. *Wright*, 235 Mass. 243 and cases cited, *Lucas* v. *Thayer*, 263 Mass. 313, *Grimm* v. *Promboim*, 265 Mass. 480, and *Smith* v. *Locke Coal Co.* 265 Mass. 524.

<div align="right">

*Exceptions overruled.*