MARGARET A. MAHONEY *vs.* I. J. PERREAULT.

Suffolk.    March 5, 1931. — April 2, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Snow and Ice.   Negligence,* Of one owning or controlling real estate. *Nuisance.*

If a landowner merely shovels snow from the sidewalk in front of his premises upon a space between the outer edge of the walk and the curb of a public way and it melts and runs over the walk and thereafter ice is formed, the landowner cannot be held liable to a traveller for injuries sustained by slipping on the ice.

The owner of premises abutting upon a public way owes no duty to travellers thereon to keep the way clear from snow, ice or water which is upon it from natural causes, or to guard against accident by placing sawdust or other substances upon the sidewalk.

TORT for personal injuries resulting from a fall upon an icy sidewalk in front of premises owned by the defendant. Writ dated September 30, 1927.

In the Superior Court, the action was tried before *Greenhalge,* J. Material evidence is stated in the opinion. At the close of the plaintiff's evidence, the defendant rested. The judge ordered a verdict for the defendant, and reported the action for determination by this court.

*F. G. Moulton,* (*G. A. Murphy* with him,) for the plaintiff.

*J. F. Cavanagh,* (*W. G. Wehrle* with him,) for the defendant.

CROSBY, J.   This is an action to recover for personal injuries received by the plaintiff on or about February 25,

1926, resulting from falling upon an icy sidewalk in front of premises owned by the defendant in Holyoke in the county of Hampden. At the close of the plaintiff's evidence the defendant rested; the trial judge directed a verdict for the defendant and upon agreement of the parties reported the case to this court. If the judge was wrong in declining to submit the case to the jury, it was agreed that judgment should be entered for the plaintiff in the sum of $2,000; otherwise the verdict is to stand.

There was evidence tending to show that on the Saturday before the accident there had been a heavy fall of snow, which ended the next day, and that on the following Monday, Tuesday and Wednesday the snow had been shovelled off the concrete sidewalk in front of the defendant's premises by him and placed upon the grass plot or tree belt; that the snow outside the curb had been removed by the city with a scraper which threw it upon the grass plots on both sides of the street to a height of from two to three feet; that during the daytime it would melt and run over the sidewalk, and at night would freeze; that the plaintiff slipped and fell upon ice so formed, and received injuries for which she seeks to recover in this action.

It is the contention of the plaintiff that her injuries were the result of negligence of the defendant in shovelling snow from the sidewalk upon the grass plot, where at times it melted and ran upon the sidewalk forming ice. It is also contended by the plaintiff that the defendant was negligent in failing to spread upon the sidewalk sand or ashes. It is not contended by the defendant that the plaintiff was not in the exercise of due care, or that the notice required by G. L. c. 84, § 21, as amended by St. 1922, c. 241, was not duly given by the plaintiff. The only issue of law presented then is whether upon the evidence most favorable to the plaintiff her injury could be found to have resulted from negligence of the defendant.

The undisputed evidence shows that after snow fell upon the concrete sidewalk it was removed by the defendant by throwing it upon the grass plot. So far as appears there was no other place where he could have deposited it unless

he threw it into the street, thereby impeding travel, or
caused it to be carried away. There was evidence tending
to show that the inner edge of the sidewalk was slightly
lower than at the curb. It also appears that, while some of
the snow had been shovelled upon the grass plot by the
defendant, part of it had been pushed there by scrapers
of the city and by passing automobiles. If we assume that
it could be found that the water which ran over the side-
walk came from snow which had been shovelled upon the
grass plot by the defendant and had melted, it cannot
reasonably be found that he thereby created a nuisance,
or artificially brought about a condition which increased
or changed the flow of water at the place where the plaintiff
fell. The defendant violated no duty he owed the plaintiff
by clearing snow from the sidewalk in front of his premises.
He acted within his rights in shovelling it upon the grass
plot. There is no evidence to warrant a finding that he was
negligent because the snow melted and ran over the walk.
He did not create an artificial channel or water spout or
make any change upon his land which would cause the
water to flow over the walk. A landowner cannot be held
liable if he shovels snow from the sidewalk in front of his
premises upon the space between the outer edge of the
walk and the curb and it melts and runs over the walk and
thereafter ice is formed. No one of the cases cited by the
plaintiff supports the contention that the defendant in the
case at bar could be found to be negligent. The statement
in the case of *Dahlin* v. *Walsh*, 192 Mass. 163, quoted in
the plaintiff's brief and upon which she strongly relies, was
not necessary to the decision, and cannot be regarded as
an authority in favor of her contention.

This court has repeatedly held that the owner of premises
abutting upon a public way has no duty to keep the way
clear from snow, ice or water which is upon it from natural
causes, or to guard against accident by placing sawdust
or other substances upon the sidewalk. *Kirby* v. *Boylston
Market Association,* 14 Gray, 249. *McGuinness* v. *Worcester,*
160 Mass. 272, 276. *Newton* v. *Worcester,* 174 Mass. 181.
*Bailey* v. *Cambridge,* 174 Mass. 188. *Sanborn* v. *McKeagney,*

229 Mass. 300. *Hart* v. *Wright*, 235 Mass. 243. *Lucas* v. *Thayer*, 263 Mass. 313. *Grimm* v. *Promboim*, 265 Mass. 480. *Smith* v. *Locke Coal Co.* 265 Mass. 524. *Bailey* v. *Blacker*, 267 Mass. 73.

The plaintiff cites *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535, *Field* v. *Gowdy*, 199 Mass. 568, and *Graul* v. *Boston Elevated Railway*, 262 Mass. 104. In those cases and others on which the plaintiff relies the defendants were held liable for creating artificial constructions, or other conditions not due to natural causes. Such cases are plainly distinguishable in their facts from the case at bar.

In accordance with the terms of the report the entry must be

*Verdict for defendant to stand.*