CORA JEFFERSON *vs.* DONAT L'HEUREUX & another.

Essex.    October 7, 1935. — February 25, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Notice of decision; Exceptions: filing of bill.   *Time.
Snow and Ice.  Nuisance.  Way,* Public: nuisance.

By G..L. (Ter. Ed.) c. 221, § 21;  c. 231, § 113;  and Rule 3 of the Supe-
rior Court (1932), the time for filing a bill of exceptions in an action
heard without jury could be extended on motion within twenty days
after counsel's receipt of written notice of the decision from the clerk,
notwithstanding an earlier oral notice.

In computing twenty days after a certain date, that date is excluded.
The evidence left it conjectural whether an icy condition of a public
sidewalk was caused or enhanced by cornices and a gutter pipe on an
abutting building, or whether the condition arose from natural causes.

TORT. Writ dated June 14, 1934.

The action was heard in the Superior Court without a
jury by *Burns*, J., who found for the plaintiff in the sum
of $600. The defendants alleged exceptions. The judge
denied a motion by the plaintiff to dismiss the defendants'
exceptions. She alleged an exception.

*W. I. Badger*, (*R. W. Cornell* with him,) for the defendants.
*T. A. Henry*, for the plaintiff.

RUGG, C.J. This action of tort was tried in the Superior
Court at Salem by a judge without a jury on October 4,
1934. A finding in favor of the plaintiff was entered on
October 9, 1934. On October 10, 1934, an attorney con-
nected with the office of the attorney for the defendants,
who was in Salem on other business, was orally notified of
the finding. On October 10, 1934, written notice of the
finding was mailed by the clerk of courts to the attorney
for the defendants and received on October 11, 1934. On
the same day the exception of the defendants was filed.
Rule 72 of Superior Court (1932). On October 31, 1934,
motion to extend the time for filing the bill of exceptions
until November 7, 1934, was allowed by the trial judge *ex
parte*. On November 2, 1934, the defendants' bill of ex-
ceptions was filed and notice duly given to the attorney for
the plaintiff. The plaintiff later moved that the bill of
exceptions be dismissed because (1) the defendants neg-
lected to file their bill of exceptions within the twenty
days allowed by Rule 73 of the Superior Court (1932);
(2) the defendants did not obtain an extension of time for
filing exceptions within the same twenty days; and (3) the
extension of time for filing exceptions was obtained after the
time therefor had expired. This motion was denied sub-
ject to the exceptions of the plaintiff.

There was no error of law in the denial of this motion.
It is provided by G. L. (Ter. Ed.) c. 221, § 21, that "when
a decision is rendered in an action heard without a jury,

the clerk shall give notice thereof to the parties or their attorneys." By Rule 3 of the Superior Court (1932) such notice must be in writing. The oral notice in the case at bar did not in the circumstances disclosed relieve the clerk of the obligation to send the written notice. By G. L. (Ter. Ed.) c. 231, § 113, it is provided that "exceptions shall be reduced to writing . . . and filed with the clerk . . . in cases tried without a jury, within twenty days after the notice of the decision has been received, unless further time is allowed by the court." The time thus limited began to run from the receipt of this written notice. See *Sweeney* v. *Morey & Co. Inc.* 279 Mass. 495, 499–500. The day on which it was received is excluded in computing such time. *Laine* v. *Aarnio,* 265 Mass. 374. *Pierce* v. *Tiernan,* 280 Mass. 180. Therefore the twenty days expired on October 31, 1934. On that date the time was extended for a period not exceeding seven days. Such extension might properly be granted without notice to the adverse party. The requirement for such notice applies only when the extension is for a period exceeding seven days. Rule 73 of the Superior Court (1932). *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136. *Hellier* v. *Loring,* 242 Mass. 251, 253. The exceptions of the defendants were seasonably filed on November 2, 1934. The motion to dismiss them was denied rightly.

The plaintiff seeks in this action compensation for personal injuries received by her while a pedestrian through a fall on a public sidewalk on Ward Street near the corner of Lafayette Street in Salem at about nine o'clock in the evening of February 25, 1934. There was evidence tending to show these facts: The plaintiff with a friend had taken two or three steps on the sidewalk on Ward Street from the corner of Lafayette Street when she slipped and was injured. The defendants owned a brick hotel on the corner of these two streets. On the Ward Street side it was built flush with the sidewalk and extended on that street approximately sixty-four feet from the corner of Lafayette Street. The plaintiff slipped on thick ice which extended

from about eighteen inches from the side of the defendants' building to the snow pile in the gutter which was about two feet high with no gutter opened.   The plaintiff lived on Ward Street and frequently passed over this sidewalk and knew that it was a complete sheet of ice extending from the corner of the streets to the rear entrance of the hotel on Ward Street and beyond to her house, except that close to the building there was a little place where there was no ice.   The ice was thicker near Lafayette Street. There were two cornices extending from the building over the sidewalk, the lower being a broad one, over the store window near where the plaintiff fell, and extending out not over a foot, and the other, at the top of the building, being flat and extending out about two feet and running the entire length of the Ward Street side of the building.   Above this cornice was a brick wall about two feet high.   From this cornice, in times of melting or rain, drops of water had been observed to fall.   The Ward Street sidewalk was about ten feet wide, tapering gradually to eight feet wide at the far end of the defendants' building; it sloped from that end of the building toward the corner of Lafayette Street at a grade of eight and one eighth inches per hundred feet.   At all points it sloped from the wall of the building toward the gutter.   At the far end of the building a passageway, paved with concrete, about three feet wide, leads from the sidewalk at right angles and at a slightly ascending grade about thirty feet to the rear of the defendants' building. Around the corner of that passageway away from Ward Street and in the rear of the building was a gutter pipe leading from the roof of a one-story ell and emptying on to the concrete surface of the yard.   There was no evidence as to the grade of the yard.   In times of melting snow or rain water had been seen to run from this passageway on to the Ward Street sidewalk.   The weather records of the Salem police for several days before the accident showed that snow fell on the night of February 19 and all day on February 20 followed by freezing temperature up to the night of February 22 when there was rain and melt-

ing. There was snow on the morning of February 23 with much slush. The temperature from the evening of that day up to the time of the accident was freezing.

At the conclusion of the evidence for the plaintiff, the defendants rested and requested a ruling that the plaintiff could not recover. This request was denied and a finding made for the plaintiff. The exceptions of the defendants to the denial of this request bring the case here. The question to be decided on this aspect of the case is whether the evidence in its view most favorable to the plaintiff warranted a finding in her favor.

The governing principle of law as to the liability of a landowner with reference to surface water flowing upon a public way has been often stated: "A landowner has a right to change the surface of his lot, or improve it by the construction of buildings or by other means, in any lawful manner, and if the natural course of surface water is thereby altered no liability is imposed on him. But he has no right to collect water into a definite channel by a spout or otherwise and pour it upon a public way." *Field* v. *Gowdy*, 199 Mass. 568, 570. In the case at bar the cornices of the defendants were projections over the public way. They were flat and drew no water from the land or building of the defendants; they did not collect water from the roof or concentrate water into a definite channel; they did not, on this record, enhance in quantity or distribute dangerously the natural precipitation above the sidewalk. Nothing in the record indicates in the light of the weather conditions, even that water from the cornices had frozen on the sidewalk at the place where the plaintiff fell. *Hynes* v. *Brewer*, 194 Mass. 435. *Robrish* v. *Snyder*, 252 Mass. 92. *Grimm* v. *Promboim*, 265 Mass. 480. *Roland* v. *Kilroy*, 282 Mass. 87.

There is in the record nothing upon which to found a reasonable inference that water, if any flowed at about this time from the concrete passage way at the rear of the defendants' building, came from the gutter pipe of the defendants and thus made its way over the sixty feet of sidewalk between it and the place where the plaintiff fell

and there froze so as to contribute to the slipperiness of the sidewalk at that point. The continuous slope of the sidewalk from the defendants' building to the gutter over that entire distance is a strong indication against that as a possibility. The ice on the sidewalk seems more likely to have formed from the melting snow piled up in the gutter. At all events, on all the evidence it is conjectural whether the ice on which the plaintiff fell came from natural causes or from negligent conduct of the defendants. The case at bar is governed by *Lucas* v. *Thayer*, 263 Mass. 313. *Bailey* v. *Blacker*, 267 Mass. 73. *Young* v. *Kaplan*, 267 Mass. 152. *Mahoney* v. *Perreault*, 275 Mass. 251. The case is distinguishable in its facts from decisions like *Maloney* v. *Hayes*, 206 Mass. 1, *Marston* v. *Phipps*, 209 Mass. 552, *Drake* v. *Taylor*, 203 Mass. 528, and *Stefani* v. *Freshman*, 232 Mass. 354.

> *Plaintiff's exceptions overruled.*
> *Defendants' exceptions sustained.*
> *Judgment to be entered for defendants under*
> *G. L. (Ter. Ed.) c. 231, § 122.*