RUTH HARRISON vs. POLI-NEW ENGLAND THEATRES, INC.

Worcester. September 27, 1938. — October 24, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Snow and Ice. Nuisance. Evidence, Presumptions and burden of proof.*

Evidence that there was a greater likelihood that ice upon which a pedestrian slipped on a public sidewalk was formed from water dripping from an improper and defective marquee projecting from a building, rather than from some other source, warranted a finding of liability on the part of the owner.

TORT. Writ in the Superior Court dated April 16, 1936.

A verdict for the plaintiff in the sum of $600 was recorded with leave reserved by *Hurley*, J.

*H. G. Bowen*, for the plaintiff.

*A. S. Houghton*, for the defendant.

RONAN, J. The plaintiff, while travelling along the sidewalk in front of the defendant's premises, in Worcester, at about 10:30 o'clock on the morning ·of February 5, 1936, slipped upon ice and received injuries for which the jury awarded her damages; the judge, in accordance with leave reserved, thereafter ordered the entry of a verdict for the defendant, subject to the plaintiff's exception.

The defendant's property was located upon the northerly side of Front Street which runs east and west. This property consisted of a five-story brick office building with a theatre in the rear. The entrance to the theatre was upon Front Street. A marquee twelve feet wide extended from this entrance over the sidewalk to a foot and one half from the line of the curbing. The sidewalk was fifteen feet wide. The marquee had a pitched galvanized iron roof drained ·by a gutter, running along both sides and the front, which carried the water back to a gravel roof upon the defendant's premises. There were metal upright frames attached to the three outer sides of the marquee. These frames were between five and one half and six feet in height in the

middle of each side and were used for advertising pur-
poses. At the time of the accident they advertised a "Beano
Game" which was conducted by a tenant who occupied
the theatre lobby for the purpose.

There was evidence that a snow storm commenced on the
evening of February 3, 1936; that it later turned to sleet
and, finally, ended on the afternoon of February 4, 1936.
Two and one half inches of snow had fallen. The tempera-
ture in the early evening of February 4, 1936, was thirty-
three degrees but it fell rapidly during the night. On the
morning of the accident it was fourteen degrees at eight
o'clock, twenty degrees at nine o'clock, twenty-two degrees
at ten o'clock and twenty-six degrees at noon. The sun was
shining during the day of the accident strong enough to melt
snow on buildings fronting on streets running east and west.

The plaintiff, while walking about one and one half feet
from the curbing, slipped upon some ice which was "right
under the corner of the . . . [marquee] near the light pole."
It was a solid, circular shaped piece of ice about twelve
inches in diameter. Another pedestrian testified that he
had fallen at about 9:30 A.M. as he approached the entrance
to the theatre. He testified that the ice where he and the
plaintiff fell covered an area about four feet square. The
plaintiff's husband testified that he saw water dripping from
the side and from both corners of the marquee at 12:45 P.M.,
two and one quarter hours after the accident.

The defendant contends that if the ice was formed by
water from the marquee then the plaintiff has not shown
that the danger of snow or ice upon the sidewalk was in-
creased by the erection of the marquee or, in other words,
that "Such water or snow as might fall on the surface of the
marquee might find its way to the sidewalk only in such
quantities as would have reached the walk had . . . [the
marquee] not . . . been there."

The mere flowing of water from private property onto the
highway is not sufficient to establish liability of the owner
of adjoining property. *Robrish* v. *Snyder,* 252 Mass. 92.
*Lucas* v. *Thayer,* 263 Mass. 313. *Grimm* v. *Promboim,* 265
Mass. 480. *Graham* v. *Andrews,* 273 Mass. 105. *Mahoney*

v. *Perreault*, 275 Mass. 251. The landowner has the right to improve his land by a change of grade or by the construction of buildings even if the natural course of surface water is thereby changed. But he has no right to collect surface water into an artificial channel and discharge it upon the way in a greater quantity than would have been discharged if the natural conformation of his land had not been altered. *Field* v. *Gowdy*, 199 Mass. 568. *Marston* v. *Phipps*, 209 Mass. 552. *Solomon* v. *Weissman*, 265 Mass. 423. *MacDonald* v. *Adamian*, 294 Mass. 187. *Bullard* v. *Mattoon*, 297 Mass. 182. *Troy* v. *Dix Lumber Co.* 300 Mass. 214. *Crafts* v. *McCobb*, 303 Mass. 172.

The defendant's marquee extended over the sidewalk. It would interfere with the natural precipitation of rain and snow and was equipped with a system of gutters to divert to the defendant's premises the precipitation it had collected. It could have been found that there was a thaw of snow or ice upon buildings facing to the south, as the defendant's did, at the time of the accident. There was evidence that there was no ice upon the sidewalk other than that upon which the plaintiff fell. It could have been found that this ice had also caused another person to fall an hour previous to the plaintiff's accident. The locus was a much travelled way in a large city. There was evidence that the ice had been there long enough for the defendant to know of its presence and to have taken precautions to avert injury to pedestrians. The jury could find that the ice was located directly under the southwest corner of the marquee and, in view of the husband's testimony, were warranted in finding that it was caused by water which dripped upon the sidewalk from the defendant's marquee. It was a question of fact whether the defendant was negligent in maintaining an improper or defective marquee from which water escaped upon the way and froze and in suffering the ice to remain upon the sidewalk up to the time the plaintiff was injured. *Marston* v. *Phipps*, 209 Mass. 552. *Cochran* v. *Barton*, 233 Mass. 147. *Allen* v. *Salmansohn*, 254 Mass. 500. *Crafts* v. *McCobb*, 303 Mass. 172.

The jury were not required to believe that the formation

of the ice was due to the melting of snow upon the globe of the street lamp, which dripped to the sidewalk, or that it was due to the tracking of snow or moisture upon the sidewalk by pedestrians, or that the ice was deposited upon the sidewalk by some vehicles in passing by the curb. The sidewalk was free from any other ice. The ice that caused the accident was clear and solid. It had the appearance of ice that had frozen upon the sidewalk. The plaintiff was not required to exclude every possible source of the ice other than the marquee, and she sustained the burden of showing that the presence of the ice upon the sidewalk was due to the negligence of the defendant by proving, as we think the jury could find she did, that there was a greater likelihood that such was its cause rather than that it was caused by something for which the defendant would not be responsible. *Gates* v. *Boston & Maine Railroad*, 255 Mass. 297. *Marshall* v. *Carter*, 301 Mass. 372. *Rocha* v. *Alber*, 302 Mass. 155.

The case at bar is distinguishable from *Bailey* v. *Blacker*, 267 Mass. 73, and *Jefferson* v. *L'Heureux*, 293 Mass. 490, where the evidence was such that the cause of the presence of the ice upon the way rested in conjecture and surmise.

It follows that the exceptions must be sustained and judgment entered on the verdict returned by the jury.

*So ordered.*