HELEN COOPER *vs.* BRAVER, HEALEY & CO. INC.

Suffolk.    May 14, 1946. — July 8, 1946.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Snow and Ice. Negligence,* One owning or controlling real estate, Snow and ice.

Negligence of a landowner toward a traveller injured by falling on ice on a public sidewalk abutting the land was not shown by the mere fact that water flowed onto the sidewalk from a pile of snow on the land, where it did not appear that the owner caused the flow of water to the sidewalk to be different from what it would have been had the snow not been piled.

TORT.   Writ in the Superior Court dated May 8, 1943.

The plaintiff's declaration based the action solely on negligence of the defendant.

The action was tried before *Good*, J., who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*M. Marks*, for the plaintiff.

*K. C. Parker*, for the defendant.

RONAN, J.   This is an action of tort to recover for personal injuries sustained by the plaintiff when she fell on a rough ridge of ice in front of premises owned and occupied by the defendant.   There was an open area with a cement surface between the front of the defendant's building and the sidewalk.   This area sloped toward the street.   There was a pile of snow eight or nine inches high and ten or twelve inches wide extending along the street side of a stairway which led up to the front entrance to the defendant's building.   This pile of snow was some feet distant from the inside line of the sidewalk.   Water from the melted snow from this pile had drained across the defendant's land and upon the sidewalk.   The patch of ice upon which the plaintiff fell was opposite this pile and appears to have been about as wide as the length of the pile of snow.   The evidence is insufficient to show that the water from this pile of snow had been collected into any channel.   The area between the pile of snow and the sidewalk was covered by thick ice.   If the snow had not been shovelled on the defendant's land, it is plain that there could be no recovery against the defendant because the presence of the ice upon the sidewalk would have been due to the draining from a natural fall of snow upon the defendant's land onto the highway over the flat sloping surface of the land.   *Field* v. *Gowdy*, 199 Mass. 568, 570. *Hart* v. *Wright*, 235 Mass. 243, 244.   *Robrish* v. *Snyder*, 252 Mass. 92.   *Lucas* v. *Thayer*, 263 Mass. 313.   *Grimm* v. *Promboim*, 265 Mass. 480.   *Bailey* v. *Blacker*, 267 Mass. 73.

The plaintiff contends that piling the snow where, if it melted, water would be discharged upon the sidewalk could be found to be negligence.   An owner of land has a right to clear off the snow from his front yard and steps and to deposit it in a pile away from the sidewalk.   The piling of the

snow is not shown to have artificially created a condition that increased or changed the direction of the flow of water upon the sidewalk from what it would have been on the natural slope of the land if the snow had not been shovelled. The defendant did nothing to confine the water into a definite channel or to accelerate its flow to the public way. In these circumstances, the mere flowing of water from the defendant's premises and the formation of ice upon the sidewalk do not show negligence upon the part of the defendant. There was no error in directing a verdict for the defendant. *Sanborn* v. *McKeagney*, 229 Mass. 300. *Graham* v. *Andrews*, 273 Mass. 105. *Mahoney* v. *Perreault*, 275 Mass. 251. *Jefferson* v. *L'Heureux*, 293 Mass. 490. See *Taggart* v. *Bouldin*, 111 N. J. L. 464.

*Exceptions overruled.*