ANNIE HOOPER *vs.* MARY F. KENNEDY
(and a companion case [1]).

Suffolk.   November 7, 1946. — January 6, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Snow and Ice.   Nuisance.   Way,* Public: nuisance.

Evidence warranted findings that the owners of adjoining lands sloping downward toward an adjacent public way and sidewalk, by constructing a driveway running back from the sidewalk along their common boundary, created an artificial channel whereby water was discharged from their lands upon the sidewalk in greater quantity than would have occurred in the natural state of their lands, and that they were liable to a traveller injured by falling upon ice formed on the sidewalk through freezing of water so discharged thereon.

TWO ACTIONS OF TORT. Writs in the Municipal Court of the City of Boston dated August 2, 1943.

The actions were heard together by *Riley,* J.

*L. G. Haley,* for the defendant Kennedy, and *J. J. O'Neill & J. H. F. Calver,* for the defendant Halligan, submitted a brief.

*R. W. Cornell,* for the plaintiff.

SPALDING, J.   These are two actions of tort for personal injuries alleged to have been sustained by the plaintiff as a result of slipping and falling on ice on the sidewalk abutting premises owned and occupied by the defendants. The judge found for the plaintiff in each case, and the cases come here on the defendants' appeals from an order of the Appellate Division dismissing a report. The question for decision is the correctness of the judge's denial of a requested ruling in each case that the evidence did not warrant a finding for the plaintiff. Unless findings for the defendants were required as matter of law, these requests could not properly have been given.   *Milmore* v. *Landau,*

---

[1] The companion case is by the same plaintiff against Margaret Halligan.

307 Mass. 589, 590. *Hoffman* v. *Chelsea*, 315 Mass. 54. *John T. D. Blackburn, Inc.* v. *Livermore*, 317 Mass. 20, 22.

The requests were rightly denied.

The following facts could have been found: Each defendant is the owner of a dwelling house on Imrie Road in the Allston section of Boston. Imrie Road runs from north to south at an upgrade. The premises of each defendant are on the easterly side of Imrie Road and adjoin each other, those of the defendant Halligan being southerly of and somewhat higher than those of the defendant Kennedy. When, prior to 1921, the defendants acquired title to their respective premises, the land between the houses "sloped downward from the Halligan house toward the Kennedy house." Their land also sloped downward in a northwesterly direction from the rear of the lots toward Imrie Road.

In the summer of 1921 the defendants jointly caused a driveway, about six feet wide, to be "shoveled out and leveled" along their common boundary line, one half of the driveway being on the land of each. In 1922 the defendant Halligan erected a "'dry wall' reinforced at the back with . . . rocks, at the south side of the driveway." In that same year the city installed a sidewalk, curbs and a paved street on Imrie Road. The "apron" to the driveway was put in when the street was laid out, but no ditches or drains were put in. Since the completion of this work in 1922 "no changes have occurred in the shape, contour or conformation of the land between the two houses." The driveway is level for a distance of about forty feet from the sidewalk and then rises slightly. For a distance of twenty feet back from the sidewalk along the northerly side of the driveway the land of the defendant Kennedy to a width of six feet declines toward the driveway. About twenty-five hundred square feet in area of the land of the defendant Halligan to the north of her house slopes toward the driveway at a degree not shown except that "where the drive joined the sidewalk it sloped upward about an inch."

On March 3, 1943, three days before the accident, snow fell to a depth of three and eight tenths inches. The temperature remained below freezing until March 5 when it went

to forty-four degrees and remained above freezing throughout the daylight hours. During the night the temperature dropped below the freezing point and remained there up to and including the time of the accident.

On March 6 at about 9:45 A.M. the plaintiff was walking northerly on the east sidewalk of Imrie Road. It was snowing and the ground was covered by about two inches of snow which showed no signs of having been recently shoveled. As the plaintiff reached a point about five feet north of the driveway she slipped and fell on ice that was beneath the snow. The ice, which was over the sidewalk, "was rough, not too smooth, [and] kind of in ridges." It extended inside the driveway at its northwest corner at least one and one half feet spreading across the sidewalk in the shape of a triangle which varied in width from eighteen inches to four or five feet. On rainy days prior to the accident water had been seen running in the same place where the plaintiff fell, and on winter days ice had been seen there. The defendants concede that the plaintiff proved "due and sufficient" notice under the statute.

The defendants unquestionably had the right to improve their land by constructing the driveway, and if the natural course of surface water was thereby altered no liability would be imposed on them; but if in doing so they created an artificial channel that caused an increase in the flow of water discharged upon the sidewalk, and this by freezing made the use of the way dangerous, they would be liable to one injured in consequence of such dangerous condition. *Field* v. *Gowdy*, 199 Mass. 568, 570–571. *Marston* v. *Phipps*, 209 Mass. 552, 554–555. *Crafts* v. *McCobb*, 303 Mass. 172, 174. *Harrison* v. *Poli-New England Theatres, Inc.* 304 Mass. 123. We think from the evidence recited above and the photographs, which are before us, that it was permissible for the trial judge to find that the defendants, in excavating their land to build the driveway, created an artificial channel where water would flow onto the sidewalk in greater amounts than might have occurred in the natural state of the land. See *Lucas* v. *Thayer*, 263 Mass. 313, 314. We think it also was a question of fact for the judge whether the

ice on which the plaintiff fell was connected with the water that came from the driveway.   See *Cochran* v. *Barton,* 233 Mass. 147.

*Order dismissing report affirmed.*