*District Court of Lowell*

No. 1500 of 1954

*Northern District*

No. 4952

**ROLAND J. CONWAY, et ux**

**v.**

**VOLUNTINE H. ROLLINS, et ux**

(June 27, 1956)

*Gadsby, P. J.* This is an action for breach of contract to recover damages for the failure of the defendants to purchase real estate owned by the plaintiffs in accordance with an agreement executed by the parties hereto. The answer is a general denial.

*At the trial, there was evidence to show the following*:

On July 20, 1954, the plaintiffs, Roland J. Conway and Ruth A. Conway, husband and wife, as parties of the first part, entered into an agreement with Voluntine H. Rollins and Marion A. Rollins, husband and wife, as parties of the second part, to sell to Mr. and Mrs. Rollins certain real estate situated in Billerica, Mass., for $14,500.00, the premises to be conveyed on or before September 28, 1954. A deposit of $100.00 was made by the defendants at the time the agreement was executed, leaving a balance of $14,400.00 to be paid at the time of the passing of the papers.

Included in the agreement, which was introduced as evidence and marked "Exhibit No. 1", to which reference is hereby made, was the following provision: "It is understood and agreed that if the parties of the second part are unable to obtain a G. I. loan in some banking or loaning institution in the principal sum of Thirteen Thousand Eight Hundred Dollars ($13,800.00) then and only in that event, this agreement shall be null and void."

The Court filed the following "Findings and Rulings":

"I find from all the creditable evidence that the plaintiffs entered into an agreement with the defendants on July 20, 1954 for the purchase of certain premises on Salem Road, North Billerica, Mass. to which agreement reference is hereby made

which was duly introduced as evidence and marked Exhibit No. 1.

According to the terms of said agreement, the purchase price was to be $14,500.00 and the premises were to be conveyed on or before September 28, 1954 and on said agreement there was a deposit of $100.00 made leaving a balance due on passing papers of $14,400.00.

It was also provided in the agreement that if said defendants viz, the purchasers, were unable to obtain a G. I. loan in some banking or loaning institution in the sum of $13,800.00, then and only in that event, the agreement was to become null and void.

I further find from all the creditable evidence that the defendants in good faith applied for a G. I. loan with the Broadway Savings Bank in Lawrence, Mass. but that between the time of the filing of the application and the actual granting of said loan and passing of papers, the defendants had marital difficulties as a result of which the wife of the defendant notified Mr. Ernest W. Roebuck, Treasurer of the Broadway Savings Bank of their marital difficulties, as a result thereof although the application for the G. I. loan had been approved, the bank refused to accept the loan and I find as a fact that, according to the testimony of Mr. Roebuck, Treasurer of the bank, the bank would not approve the mortgage under these domestic difficulties even if the parties were willing to sign the mortgage and note.

I further find as a fact that according to the plaintiffs' own testimony that they never signed a deed of this property to the defendants nor did they at any time go to pass papers on or before September 28, 1954, twelve noon which was provided for in the agreement.

I find as a fact that the fair market value of the property on September 28, 1954, as testified to by the plaintiff, was $14,500.00 as called for by the agreement and I further find as a fact as testified to

by the plaintiff that the fair market value of the property on November 27, 1954, the date the property was actually sold, was still $14,500.00, although the plaintiff sold the property to another party on said November 27, 1954 for the sum of $12,500.00. I find upon all the evidence and by the plaintiffs' own testimony, that he did not advertise the property for sale in any newspaper for the second sale, and that the plaintiff further testified that he knew he was making a sacrifice when he sold the property to new buyers on November 27, 1954 for $12,500.00 but in the meantime he had purchased another home in Harwichport, Mass. and he was desirous of getting rid of the property in question and that is why he sold it for $12,500.00.

I find as a fact that under the terms of the G. I. appraisal there was certain work to be done by the plaintiffs before the loan could be approved and that this work had not been completed.

I therefore, find as a fact that the defendants were unable to completely obtain a G. I. loan under all the existing circumstances and according to the terms of the agreement, they were no longer liable and the agreement became null and void. I find as a fact that the value of the property, according to the plaintiff's own testimony, had not changed from the amount called for in the agreement of $14,500.00, between the date of the agreement, July 20, 1954, and to and including September 28, 1954, the time called for performance and the date the property was sold to another buyer on November 27, 1954 and, therefore, even if there was a finding for the plaintiff, the plaintiff proved no damage according to his own testimony. I, therefore, find for the defendants.

Plaintiff's request for rulings, I allow No. 1 but do not so find, I allow Nos. 3, 4, 5, 6, 7, 8, 9, 10. 11, 12. I deny Nos. 2, 13, 14.

Defendant's request for rulings treated as waived.

/s/ Maurice McWalter

Special Justice

July 18, 1955"

This report contains all the evidence material to the question reported.

The plaintiffs claiming to be aggrieved by the Court's denial of their requested rulings, as follows:

No. 2. The evidence is insufficient to warrant a finding for the defendants.

No. 13. The evidence warrants a finding that the plaintiffs sustained as damages the difference in price between the price agreed upon in the contract with the defendants and the price obtained for the property at the time it was sold following the defendants' breach.

No. 14. The evidence warrants a finding that the measure of damages sustained by the plaintiffs is the difference between what the defendants agreed to pay for the property, and what the plaintiffs received for the property when it was sold thereafter, at which time there was no material change in the property."

I hereby report the same to the Appellate Division for determination.

/s/ Maurice McWalter

Special Justice

The evidence is uncontradicted that the defendants were unable to obtain the loan. Under the terms of the agreement, if such a situation developed, then the agreement was null and void.

There was no error in the denial of request No. 2, that the evidence was insufficient to warrant a finding for the defendants. In substance, what the plaintiff is seeking is a directed finding. It is rare that a judge could grant such a request because as was said in *Hillyer v. Dickinson*, 154 Mass. 502, 504, "The

question whether there is evidence which should properly be submitted to the jury is sometimes a very nice one, since the Court is not at that stage of the proceedings to pass upon the weight of the evidence but only to determine whether there is any evidence sufficient to go to the jury."

This request of the plaintiff could not have been granted unless as a matter of law there should have been a finding for the plaintiff. *Hooper v. Kennedy*, 320 Mass. 576; *Milmore v. Landau*, 307 Mass. 589, 590.

Requests No. 13 and No. 14 relate to damages and since the finding is for the defendants the question of damages does not arise.

There being no prejudicial error committed by the trial judge, the case is dismissed.

Max A. Stoller, for the plaintiff.

Paul E. Sheehan, for the defendant.