*Municipal Court of the City of Boston*
## No. 12989
### JIMINY CRICKET
### TRAVEL SERVICE, INC., D-B-A
### v.
### MEL BARDIN, ET AL
(May 27 — June 28, 1960)

*Present:* Gillen, J. (Presiding), Shamon & Morrissey, JJ.

Case tried to *Lewiton, J.*

*Morrissey, J.* This is an action of contract in which the plaintiff seeks to recover $378.84 with interest, alleging that it rendered services in procuring airlines tickets for the defendants, Mel Bardin and Fennell & Co., Inc. The defendants answered by a general denial and also pleaded the statute of frauds section requiring a promise to pay the debt of another to be in writing.

The trial judge found for the defendant Fennell & Co., Inc. on count No. 2, and for the plaintiff on count No. 1 against the defendant Mel Bardin in the sum of $378.84 plus interest from February 17, 1959.

This case is before us because the defendant Bardin claims to be aggrieved by the denial of his request for ruling No. 2, to wit:

"The evidence does not warrant a finding for the plaintiff."

The trial judge's ruling was correct.

The question for decision is the correctness of the trial judge's denial of the defendant's request for ruling No. 2 that the evidence does not warrant a finding for the plaintiff. Unless finding for the defendant was required as a matter of law this request could not have properly been given. *Hooper v. Kennedy,* 320 Mass. 576.

A general finding for the plaintiff imports a finding of all essential facts necessary to support it. *Adams v. Dick,* 226 Mass. 46; *Adams v. Balme,* 254 Mass. 170.

In *Hetherington v. Firth,* 210 Mass. 8, at 18, Justice Rugg said,

"When a request is presented such as in a jury trial ought

to have been given, an exception to a refusal to grant it by a judge sitting without a jury must be sustained, unless the ground of refusal is distinctly stated or plainly appears in some way on the record and is such as to show that no harm has been done by the refusal . . .".

In the instant case it is plainly shown on record that the trial judge did find as a fact that the tickets had been furnished on the personal credit of the defendant Bardin, and that Bardin would be held responsible for them. The evidence in the report warranted this conclusion.

It is clear that this agreement between the plaintiff and the defendant was not one to answer for the debt, default or misdoings of another, and that the statute relied on as a defense is inapplicable. *Taylor v. Harrington,* 243 Mass. 213.

The defendant's request was rightly denied. Report dismissed.

Norman S. Lookner of Boston, for the Plaintiff.

Mishara and Fishman of Boston, for the Defendant Mel Bardin.