McHugh, J.
Viewed in the light most favorable to plaintiff, the ice on which he slipped was “dirty,” Tr. 39, 1.10, “white,” Tr. 39, 1.24, partly level and partly not level, Tr. 40, 11.10-11, and had formed “[bjecause snow had fallen [three days earlier] and then they did not remove the snow and they did not put sand or salt on it. Then people walking on it and then it turned into ice.” Tr. 40, 11.20-23, Tr. 41, 11.7-9.[1] Viewed in the light most favorable to plaintiff, therefore, snow fell, defendants did nothing for three days, people walked on the naturally accumulated snow during those three days, the walking turned the snow to ice and he then slipped on the ice and fell.
*261 The problem for plaintiff with that account of the matter is that a landlord has no obligation to remove naturally accumulated snow. Sullivan v. Town of Brookline, 416 Mass. 825 (1994); Aylward v. McCloskey, 412 Mass. 77, 79 (1992).[2] It follows logically that the landlord is not responsible for injuries occurring when naturally accumulated snow becomes slippery through melting and refreezing or through underfoot compression.
At this stage, plaintiff has the burden of coming forward with something that creates a genuine issue of material fact to take this case out of the general rule of no liability. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). He has not done so.
ORDER
In light of the foregoing, I am of the opinion that defendants’ motion for summary judgment should be, and it hereby is, ALLOWED. Judgment shall enter dismissing the case.

 There was no objection to the foundation for plaintiffs testimony as to the way in which the snow became ice.

 Indeed, even some consequences, not of the snow but of removal effort, may not engender liability. See Cooper v. Braver, Healey & Co., 320 Mass. 138, 139-40 (1946).