Kern, J.
Plaintiff Rickey Patch, administrator of the estate of Raymond Patch (“Patch”), succeeded to this action originally brought by Patch for personal injuries sustained when he slipped on a mound of snow in defendant Colonial Cooperative Bank’s (“Colonial”) parking lot. Colonial has moved for summary judgment. For the reasons set forth below, defendant’s motion is ALLOWED.
BACKGROUND
The following are the relevant undisputed facts: On March 15, 1997 at approximately 9:30 a.m., Patch was in line at Colonial’s drive-up window at its 6 City Hall Avenue branch in Gardner. The line was not moving so Patch got out of his vehicle to investigate. When he did, Patch stepped on a mound of snow, slipped and fell. The mound was approximately 12 to 14 inches high. Freezing rain had fallen that day and the mound was icy and slippery. Although the origin of the mound is disputed by the parties, for the sake of this motion the court credits Patch’s testimony that it had been formed by a plow. As a result of the fall, Patch suffered a fractured hip. Patch later died of unrelated causes during the pendency of this action.
DISCUSSION
Summary judgment is appropriate when no material facts are in dispute and the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Highlands Ins. Co. v. Aerovox, Inc., 424 Mass. 226, 232 (1997). A moving party which does not bear the burden of proof at trial is entitled to summary judgment if it submits affirmative evidence, unmet by countervailing materials, that either negates an essential element of the nonmoving party’s case or demonstrates that the nonmoving party has no reasonable expectation of proving an essential element of its case. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Patch claims that the mound was an unnatural accumulation of ice and therefore a defective condition. Patch alleges that Colonial was negligent in causing the mound to be where it was and in the condition it was, and that this negligence caused Patch to fall and injure his hip. Colonial argues that the mound was not an “unnatural accumulation of ice.” Patch is only able to offer his Answers to Interrogatories to support his claim.[1] In those answers, Patch describes the mound as being 12 to 14 inches high, formed by a plow, and coated with ice. (Answer to Question No. 5.) Patch states that the mound was approximately “20 feet from the drive-up window." (Answer to Question No. 4.) He did not notice the *449 condition of the mound until after his fall. (Answer to Question No. 9.)
In Massachusetts, the duty owed by a landowner to a person lawfully on the landowner’s property is one of reasonable care under the circumstances. Mounsey v. Ellard, 363 Mass. 693, 707-08 (1973). With respect to snow and ice, landowners are liable only “where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.” Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1994). There can be no liability where there is no evidence that the hazard existed “long enough so that in the exercise of reasonable care the defendant should have discovered and removed it." Barry v. Beverly Enterprises-Massachusetts, Inc., 418 Mass. 590, 593 (1994) (citing Oliveri v. Mass. Bay Trans. Auth., 363 Mass. 165, 166 (1973)).
Applying this standard to the present facts, plaintiff will not be able to prove that the mound upon which Patch fell was a hazard, or even assuming that it had become a hazard, that Colonial knew or should have known that at the time of plaintiffs fall. First, granting the mound was an unnatural accumulation of ice and snow deposited by a plow, plaintiff produces no evidence tending to show that the mound was in an inappropriate or hazardous place. Landowners have a right to remove ice and snow and to deposit them in a reasonable place. See Cooper v. Braver. Healy & Co. Inc. 320 Mass. 138, 139 (1946) (“An owner of land has a right to clear off the snow from his front yard and steps and to deposit it in a pile away from the sidewalk”) . Patch testified that the mound was 20 feet from the drive-up window and “was right there when I stepped out of the car.” (Answer to Interrogatory No. 3, supra.) This evidence, without more, as to the location of the mound relative to the drive-up window and Patch’s car is insufficient to permit a factfinder to conclude that the mound was in a hazardous location.
Second, even if the mound was in an inappropriate location, Patch offers no evidence that Colonial had actual or constructive notice that the mound had become covered with ice and was hazardous. Patch testified that “some freezing rain had fallen that day.” (Answer to Interrogatory No. 7(a), supra.) As such, the mound may have become icy, slippery and hazardous, only shortly before Patch fell. In the absence of evidence suggesting that the mound of snow had been icy and slippery for some period of time before Patch fell, and that Colonial knew or should have known of such hazardous condition, Colonial “cannot be found to have violated its duty of care.” Barry, 418 Mass. at 593.
Plaintiff argues simply that Patch’s answers to interrogatories show that he stepped on “the portion of snow that had been removed and not the remainder or runoff from the remainder” and, therefore, defendant is liable. (Plaintiffs Memo in Opposition at 4.) There is no way to know this from Patch’s Answers to Interrogatories. (Seefn 1, supra.) Furthermore, even if the evidence supported such finding, it would not be sufficient to permit a factfinder to conclude that the mound was a hazard and that Colonial should be liable for Patch’s fall.
ORDER
For the foregoing reasons, defendant’s motion for summary judgment is ALLOWED.

Mr. Patch died before his deposition could be taken. The following is an excerpt of his answers relevant to this motion:
Question 3:
Please describe in complete detail how your alleged accident occurred, stating what you saw and did in the order in which the events took place.
Answer 3:
I was in line at the drive-up window at Colonial Cooperative Bank. The line was not moving so I got out of my vehicle to investigate. When I exited my vehicle, a mound of snow, which was left by a plow, was right there when I stepped out of the car [sic], I slipped on the ice and fell and landed on my right buttock. I was assisted back into my vehicle by two officers of the bank.
Question 4:
If your alleged fall occurred on or near premises of the defendant:
(a)please describe as accurately as you are able the location on or near the premises where your fall took place, giving distances in feet and inches to fixed and clearly identifiable objects: . . .
Answer 4:
(a)I fell approximately 20 feet from the drive-up window
Question 5:
If you claim the accident resulted from a condition, a defect, an object, or the conduct of other persons on or adjacent to the premises owned or controlled by the defendant, please describe in complete detail the condition, defect, object or conduct.
Answer 5:
A plow had left a mound of snow which was coated with ice near the drive-up window area.
Question 7:
Please describe the weather conditions on the date of your accident, including:
(a) a description of any precipitation that fell that day:
(b) full and complete description of any snow and/or ice on the ground in the area where you claim you fell;
(c) the color, depth, width, and location of the alleged snow and/or ice on which you fell;
(d) the length of time the snow and/or ice had been in that location before your accident; . . .
Answer 7:
(a) Some freezing .rain had fallen that day.
(b) I fell on a mound of snow which had been left by a plow immediately upon exiting my vehicle.
(c) As noted above, the snow, which I did not notice to be discolored had been mounded by a plow to a height of approximately 12 to 14 inches.
(d) I do not know when the plow had made the mound where I fell...
*450 Question 9:
Please detail your movements from after you saw the alleged conditions, object, and/or conduct until the moment you were injured.
Answer 9:
I was not aware of the condition of the mound of snow until after my fall.