Borenstein, J.
The defendants, Robert and Patricia Hallissy, move for summary judgment pursuant to Mass.R.Civ.P. 56 on an action seeking recovery for personal injuries sustained as a result of a fall of the defendants’ tenant and decedent, Linda Marie Irvin. A hearing on this motion was held before me on January 19, 1996. For the reasons set forth below, the defendants’ motion is allowed.
BACKGROUND
The facts relied upon in reaching my determination are undisputed. The defendants are the owners of property located at 239 Pleasant Street, Arlington, Massachusetts. For nine years prior to her accident on December 22, 1992, the decedent, Linda Marie Irvin, rented from the defendants an apartment located at the Pleasant Street location. The defendants’ residence is positioned atop an inclined driveway that is shared and jointly owned by the defendants and the owners of the abutting premises. The decedent customarily parked her car in a space designated for her use by the defendants that is perpendicular to a stone retaining wall atop the driveway.
On December 12, 1992, there was a snowfall that deposited twelve inches of snow in Arlington. For a number of years prior to and including the year of 1992, the defendants and the abutters contracted with Edward Trembly to plow the driveway after any snow accumulation amounting to more than a dusting.
In plowing the driveway on December 12th, Trem-bly followed his customary practice of beginning at the bottom of the incline and plowing the snow to the left of the retaining wall. In instances when all the snow could not be plowed to the left of the wall, Trembly plowed the remainder against the retaining wall. The December 12th snowfall required Trembly to plow snow against the retaining wall, and consequently, in front of the defendant’s parking space. Further, although there were some instances when Trembly would apply sand to the driveway after his plowing, he did not do so on December 12th.
During the course of a typical, fair-weather day, the driveway is exposed to some degree of sunlight. Depending upon the intensity and duration of that sunlight, the show against the retaining wall could melt to create run-off from the top of the driveway to the street. In addition to the snow plowed against the retaining wall, snow on the incline behind the retaining wall could also melt as a result of the sunlight causing further run-off. A drop in the temperature could cause the run-off to freeze forming ice.
At 7:00 p.m. on December 22, 1992, the decedent arrived at her apartment. She parked her vehicle in the designated space at the top of the driveway. As she left the vehicle, the decedent fell to the ground. The sister and administratrix of the estate of the decedent, Amelia Irvin, has brought this action alleging the negligence of the defendants and seeking to recover from them for the injuries sustained by the decedent as a result of that fall.
DISCUSSION
This court grants summary judgment where there are no issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c); 365 Mass. 824 (1974). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment bears the burden of proof at trial of demonstrating the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof of that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts . . ." LaLonde v. Eissner, 405 Mass. 207, 209 (1989). Establishing the absence of a triable issue requires the nonmoving party to respond by alleging specific facts demonstrating the existence of a genuine fact. Pederson v. Time, Inc., supra at 17.
The Supreme Judicial Court has explicitly established the standard by which a property owner’s liability for injuries due to falls on snow or ice should be determined. In Sullivan v. Town of Brookline, 416 Mass. 825, 827 (1992) [Sullivan], the Court stated that “under Massachusetts law, landowners are liable only for injuries caused by defects existing on their property and . . . the law does not regard the natural accumulation of snow and ice as an actionable property defect” (citing to Aylward v. McCloskey, 412 Mass. 77, 79 (1992) [Aylward]. “Liability is possible only ‘in circumstances where some act or failure to act has changed the condition of naturally accumulated snow and ice, and the elements alone or in connection with the land become a hazard to lawful visitors.’ ” Sullivan at 827 citing to Aylward at 80.
In the instant action, there is no dispute that the decedent was lawfully upon the premises. The issue remaining for my determination is whether in causing the driveway to be plowed by Trembly the defendants altered the natural accumulation of snow or ice, and in so doing, established their liability for the decedent injuries.
*15 In Cooper v. Braver, Healey & Co., 320 Mass. 138, 140 (1946) (Cooper), the Court considered whether a landowner’s shovelling snow into a pile along the side of a walkway that later melted to form run-off and ice thereon was sufficient to establish the landowner’s liability for injuries sustained as a result of a fall upon the ice. “The piling of the snow is not shown to have artificially created a condition that increased or changed the direction of the flow of water upon the sidewalk from what it would have been on the natural slope of the land if [the] snow had not been shovelled.” Id. The facts of the instant motion are analogous to those in Cooper.
Based upon all of the pleadings before me, and after the consideration of the argument of counsel, I find no facts that indicate that the defendants increased or changed the direction of the flow of water upon the driveway beyond what would have inevitably accumulated there due to the natural slope of the land. “The defendants] did nothing to confine the water into a definite channel or to accelerate its flow.” Cooper at 140. Although it may be argued that in causing the remainder of the snow to be plowed against the retaining wall the defendants increased the flow of run-off upon the driveway, the plaintiff has neither presented nor established a likelihood of being able to present sufficient evidence to support this contention.
ORDER
It is therefore ORDERED that the defendants’ motion for summary judgment is ALLOWED.