**Robert A. ROCCHIO et al.**

v.

**Charles MORETTI et al.**

**No. 95–488–Appeal.**

Supreme Court of Rhode Island.

June 4, 1997.

J. Ronald Fishbein, for Plaintiff.

Francis X. Flaherty, Warwick, for Defendant.

Present: LEDERBERG, BOURCIER, and FLANDERS, JJ.

**OPINION**

PER CURIAM.

This matter comes before this Court pursuant to a motion directing the parties to appear and show cause why the issues presented by this appeal should not be summarily decided. The plaintiffs appeal from the entry of summary judgment in Superior Court in favor of the defendants. After reviewing the memoranda submitted and hearing the arguments of counsel, we conclude that cause has not been shown. The plaintiffs' appeal is denied and dismissed, and the judgment appealed from is affirmed.

The facts reveal that in November 1988 plaintiffs, Robert A. and Dorothy Rocchio, both Rhode Island residents, retained the

defendant Rhode Island law firm, Moretti and Perlow Law Offices (Moretti and Perlow), to represent them in a legal action against several Massachusetts parties. The plaintiffs alleged that they had been defrauded by those parties during the course of negotiating a franchise agreement. Suit was filed in Suffolk County Superior Court in Boston, Massachusetts. The plaintiffs there sought to recover for breach of contract, common law fraud and statutory law fraud.

The case was tried before a jury in April of 1990. On April 19 at the close of the plaintiffs' case, a verdict was directed for the defendants on their common law fraud counts. The jury later returned a verdict for the plaintiffs on their breach of contract claim, damages having been stipulated at $150. On April 26, 1990, the trial judge decided the remaining statutory fraud counts in favor of the plaintiffs but did not award any damages because he found that plaintiffs had failed to prove their damages. Final judgment entered against plaintiffs on July 17, 1990.

On May 7, 1993, the plaintiffs filed a legal malpractice complaint against Moretti and Perlow in the Rhode Island Superior Court. The plaintiffs alleged in their complaint that Moretti and Perlow had negligently represented them in pursuing and preparing their Massachusetts civil action. In their complaint, they alleged that they first became aware of Moretti and Perlow's negligence in November 1991 when another claimant with a similar cause of action who had sued the same Massachusetts defendants was successful in recovering damages from those defendants.

Moretti and Perlow filed a motion for summary judgment on January 31, 1995, alleging that the plaintiffs' action was barred by the three-year statute of limitations for legal malpractice actions found in G.L.1956 § 9–1–14.3, as enacted by P.L.1988, ch. 212, § 1. They asserted that plaintiffs in their answers to interrogatories had alleged that the acts of negligence occurred between September 1988 and April 1990. They also contended that plaintiffs were aware of those acts of negligence as early as April 1990. That contention was based upon the plaintiffs' answers to interrogatories in which they admitted to having hired outside counsel during the course of the Massachusetts trial to investigate possible negligence on the part of the Moretti and Perlow law firm. They also noted that plaintiffs were aware that the defendant, Attorney Moretti, their trial counsel, had been admonished by the Massachusetts trial justice during the trial as being woefully unprepared.[1] They concluded that because the plaintiffs' complaint was filed on May 7, 1993, more than three years after April 1990, the malpractice action against them was untimely and barred. They also asserted that plaintiffs' new counsel had been representing them in their negligence assertions long before the expiration of the applicable three year period of limitations for legal malpractice actions.

Moretti and Perlow's motion for summary judgment was heard in the Rhode Island Superior Court on April 25, 1995. At the conclusion thereof, the trial justice determined that the alleged act of malpractice by the Moretti and Perlow law firm occurred, if at all, prior to the end of April 1990. She noted that plaintiffs had admitted that the alleged acts of negligence occurred, at the latest, by April 1990, and that they had not alleged any negligence occurring any later than April 1990. She similarly noted that it was undisputed that plaintiffs had engaged outside counsel during the Massachusetts trial and that the plaintiffs were present in the courtroom when the Massachusetts judge admonished Attorney Moretti for his egregious trial preparation. As a result, the trial justice found no dispute in regard to the date when the alleged malpractice occurred or with regard to the question of when the plaintiffs had knowledge of the malpractice. Accordingly, the trial justice found that plaintiffs' cause of action was time barred by the three year period of limitations in the Rhode Island statute § 9–1–14.3.

---

1. Although the case docket refers to the defendant as Charles Moretti, he is in fact attorney David Charles Moretti.

The plaintiffs in their briefs assert that the grant of summary judgment by the Superior Court justice was inappropriate for two reasons. First, they assert that Massachusetts law applied to the plaintiffs' Rhode Island litigation and, second, that Rhode Island's cause of action discovery rule should have been applied.

As regards plaintiffs' first assertion that Massachusetts law should have been applied to the Rhode Island litigation, that position was waived at oral argument. We assume that counsel's decision to waive that issue was due to his realization that it had not been raised at the hearing below, and it is well settled that this Court will not entertain issues that are raised for the first time on appeal. We note also from the record that counsel failed to give any notice to the hearing justice or to opposing counsel in the pleadings, or otherwise, of his intention to oppose the motion for summary judgment on the basis of application of foreign law. Notification of the plaintiffs' intention to request the application of foreign law was required, and counsel's failure to do so prevents his argument predicated upon that failure to be properly before us.[2] For that reason, we will not address whether the hearing justice erred in not applying the Massachusetts law.

The plaintiffs' second appellate contention is that the trial court erred in deciding as a matter of law that the cause of action discovery provision in § 9–1–14.3 was not applicable. The statute in question requires that a legal malpractice action shall be commenced "within three (3) years of the occurrence of the incident which gave rise to the action." *Id.* However, subsection (b) of § 9–1–14.3 states that

> "[i]n respect to those injuries due to acts of legal malpractice which could not in the exercise of reasonable diligence be discoverable at the time of the occurrence of the incident which gave rise to the action, suit shall be commenced within three (3) years of the time that the act or acts of legal malpractice should, in the exercise of reasonable diligence, have been discovered."

This subsection provides an exception to the general three-year requirement and has come to be known as the discovery rule. *See Penn–Dutch Kitchens, Inc. v. Grady,* 651 A.2d 731, 733 (R.I.1994). In this case the trial justice determined, however, that the discovery rule was not applicable to the case facts and should not be applied. She concluded that Moretti and Perlow's alleged acts of negligence were known to the plaintiffs as well as readily discoverable at the time of their occurrence. That finding was preliminary to the trial justice's determination of what was a question of law, and although reviewable by this Court, *see, e.g., Benner v. J.H. Lynch & Sons, Inc.,* 641 A.2d 332, 335 (R.I.1994), we are not persuaded that the hearing justice's conclusion was erroneous and should be disturbed. The plaintiffs in this case admitted below, as well as here before this Supreme Court at oral argument, that they had consulted with outside counsel regarding the alleged negligence of the Moretti and Perlow law firm during their Massachusetts trial proceeding. In addition, they admitted that they were also present in the Massachusetts courtroom and heard the trial judge there admonish Moretti during the proceedings in April 1990. Finally, it is undisputed that by April 26, 1990, the plaintiffs were aware that except for their one claim involving stipulated damages of $150, each of their other claims had been decided adversely to them. Certainly those clear facts should have alerted the plaintiffs of the alleged negligence of their trial counsel prior to the end of April 1990. We are therefore of the opinion that the trial justice did not err in entering summary judgment in favor of Moretti and Perlow and against the plaintiffs.

---

**2.** Rule 44.1 of the Superior Court Rules of Civil Procedure *requires notification of the intention of raising foreign law. Although the language of the rule itself speaks to law of a foreign country,* the committee notes to that rule make it clear that the intention was to require notice in any case involving law of a foreign country or state:

> "Like the statute (G.L. § 9–19–6) the rule requires a party seeking to have the court take judicial notice of foreign law to give reasonable notice to adverse parties in the pleadings or otherwise."

In the instant case we have no evidence that such notice was ever given.

The plaintiffs' appeal is denied and dismissed and the judgment appealed from is affirmed.

WEISBERGER, C.J., and GOLDBERG, J., did not participate.