Carol NAJARIAN, Executrix of the
Estate of Hope L. Andersen

v.

NATIONAL AMUSEMENTS,
INC., et al.

No. 99–539–Appeal.

Supreme Court of Rhode Island.

April 12, 2001.

Michael S. Kiernan, Bernard Patrick Healy, Providence, for Plaintiff.

Michael E. Scott, Michael P. Lynch, Westerly, Elisabet C. Hayes, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendants, National Amusements, Inc. and Showcase Cinemas 1–10, (collectively, Showcase) have appealed from the denial of their motion for a new trial in a negligence case alleging, among other errors, that the trial justice incorrectly applied Rhode Island negligence law instead of the law of Massachusetts. Carol Najarian, as executrix of the Estate of Hope L. Andersen (Najarian), appealed the denial of her motion for additur. This case came before the Supreme Court for oral argument on March 12, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments presented to the Court and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown, and therefore the case will be decided at this time.

In July 1994, Hope L. Andersen (Andersen), a resident of East Providence, Rhode Island, went to the Showcase Cinema, in Seekonk, Massachusetts, with her sister and brother-in-law to see a matinee movie.[1] After buying tickets, the three proceeded toward the theater in which their movie was showing. Andersen testified by deposition that when she arrived at the theater she looked into it and "was amazed at the utter darkness." She testified that she and her companions stepped into the theater and that she moved to the left into a small standing room area a few minutes after the movie started. Her brother-in-law went down the aisle of the theater to look for vacant seats and returned a short time later to tell the women that there were seats available. Both Andersen and her brother-in-law testified that it was "very dark" as they stood in the theater. Mistakenly thinking there was a wall to her left, Andersen testified that she reached out to steady herself as she was about to follow her brother-in-law to the seats. There being no wall where she thought there was one, Andersen fell to the ground and suffered a broken hip and broken left elbow.

In May 1995, Andersen filed a negligence suit, alleging that Showcase's failure to maintain the premises in a reasonably safe condition caused her fall and injury. Andersen ultimately alleged that Showcase breached its duty of care by failing to provide adequate lighting, adequate signs, and personnel to assist persons entering the cinema. In its answer to the complaint, Showcase's third and fourth affirmative defenses cited "M.G.L. c. 231, Section 85" as barring recovery. Prior to trial, Showcase filed a motion *in limine* seeking to apply Massachusetts negligence law to the action. Under Massachusetts law, if a plaintiff's negligence exceeds that of the defendant, the plaintiff is barred from recovery, Mass.Gen.Laws Ann. ch. 231, § 85 (West 2000), whereas Rhode Island applies "pure" comparative negligence under which there is no such cut-off limitation to recovery. G.L.1956 § 9–20–4. The motion was denied, and the trial justice applied Rhode Island negligence law.

At the conclusion of the trial, the jury returned a verdict finding Showcase 40 percent negligent and Andersen 60 percent negligent. Andersen's share amounted to $16,000 plus interest of $8,774.13. Showcase filed a motion for a new trial based on several grounds, including the failure of the trial justice to apply Massachusetts

1. In December 1995, Hope Andersen died, and Carol Najarian, executrix of the estate of Mrs. Andersen, was substituted as the plaintiff.

law; Najarian filed a motion for additur. Both motions were denied, and both parties appealed to this Court.

 Showcase first claimed in its appeal that the trial justice erred in applying Rhode Island negligence law. This Court has adopted the "interest-weighing" approach in deciding choice of law questions. *Woodward v. Stewart,* 104 R.I. 290, 299, 243 A.2d 917, 923, *cert. denied,* 393 U.S. 957, 89 S.Ct. 387, 21 L.Ed.2d 371 (1968). Under this approach, "we look at the particular case facts and determine therefrom the rights and liabilities of the parties 'in accordance with the law of the state that bears the most significant relationship to the event and the parties.'" *Cribb v. Augustyn,* 696 A.2d 285, 288 (R.I.1997) (per curiam) (quoting *Pardey v. Boulevard Billiard Club,* 518 A.2d 1349, 1351 (R.I.1986)).

 Factors which must be weighed in determining which law applies are "(1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law." *Pardey,* 518 A.2d at 1351 (citing *Brown v. Church of the Holy Name of Jesus,* 105 R.I. 322, 252 A.2d 176 (1969)). In applying these principles in tort cases, contacts to be considered are: "'(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered.'" *Brown,* 105 R.I. at 326–27, 252 A.2d at 179; *see also* Restatement (Second) *Conflict of Laws,* § 145(2)(1971). Moreover, "in an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship * * *." *Blais v. Aetna Casualty & Surety Co.,* 526 A.2d 854, 856–

57 (R.I.1987) (quoting Restatement (Second) *Conflict of Laws* § 146).

Applying these factors to the case at bar, we conclude that the trial justice erred in not applying Massachusetts negligence law. The place where the injury and the conduct allegedly causing the injury occurred was Massachusetts. While the domicile of Andersen was Rhode Island, and Showcase was registered in Rhode Island as a foreign corporation, the headquarters of National Amusements, Inc. was Massachusetts, and the place of business at issue was in Massachusetts. Although Showcase advertises in Rhode Island, it is clear that the relationship was centered in Massachusetts, where Andersen chose to purchase a ticket and attend a movie. Moreover, the parties might reasonably have expected Massachusetts law to apply to an injury that occurred at a site in that state and that Massachusetts has a significant interest in regulating premises liability of a Massachusetts premises. Therefore, the factors of predictability of results and maintenance of interstate order weigh in favor of Massachusetts. *Pardey,* 518 A.2d at 1351. Other considerations are not sufficient to tip the balance to Rhode Island. In sum, we conclude that Massachusetts has the most significant interest in this case, and therefore Massachusetts law should apply.

 For these reasons, the trial justice erred in applying Rhode Island law. Because we sustain the appeal on this basis, other arguments raised by the parties need not be addressed. No arguments in support of the appeal of the denial of the motion for additur were presented, and therefore we deny the appeal. As a result, because Andersen was found more than 50 percent negligent, on the basis of Massachusetts law, damages from the defendants cannot be recovered.

 In conclusion, therefore, the defendants' appeal is sustained, and we vacate the judgment of the Superior Court, to which we remand the case with our di-

rection to enter judgment for the defendants on the basis of the application of Mass.Gen.Laws Ann. ch. 231, § 85 (West 2000), of which we take judicial notice.