Gertrude **TAYLOR**

v.

**MASS. FLORA REALTY, INC.**

**No. 2002–681–Appeal.**

Supreme Court of Rhode Island.

Jan. 12, 2004.

Richard A. Skolnik, Providence, for Plaintiff.

Gary J. Mena, for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiff, Gertrude Taylor (plaintiff), appeals from a Superior Court summary judgment in favor of the defendant, Mass. Flora Realty, Inc. (defendant). This case came before the Supreme Court for oral argument on October 29, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

The pertinent facts in this case are undisputed. Thursday, January 4, 2001, was a cold and windy day. The plaintiff, a Rhode Island resident, went to her weekly appointment with her hairdresser at a salon located in a shopping plaza that defendant owned, in Seekonk, Massachusetts. Snow from a storm the previous weekend was piled in mounds around the plaza parking lot. Although defendant's agent, J.E. Case, had plowed the parking lot a few days earlier, plaintiff still had to maneuver around patches of ice and mounds of snow as she made her way through the parking lot to the salon. After plaintiff's appointment she walked back to her car but, as she stepped off the cement sidewalk in front of the salon onto the asphalt parking lot, she slipped on a patch of black ice and fell, breaking her ankle.

The plaintiff originally filed a complaint against Benny's, Inc. (Benny's), the large anchor store in the shopping center, because she believed Benny's owned the entire plaza. The complaint later was amended, naming Mass. Flora Realty, Inc.—the actual owner—as defendant. The plaintiff alleged that defendant's negligence in keeping the area free of ice and snow caused her injuries. Applying Massachusetts law, the Superior Court granted defendant's motion for summary judgment. The plaintiff timely appealed.

## II

### Choice of Law

 As the motion justice correctly determined, Massachusetts negligence law applies to this case. In determining choice of law questions, this Court has adopted an "interest-weighing" approach. *Najarian v. National Amusements, Inc.*, 768 A.2d 1253, 1255 (R.I.2001). Under the interest-weighing approach, this Court will determine which state "bears the most significant relationship to the event and the parties." *Id.* (quoting *Cribb v. Augustyn*, 696 A.2d 285, 288 (R.I.1997)). This Court has held that when choice of law questions are applied to tort cases, the most important factor is the location where the injury occurred. *Id.* Nonetheless, the following factors should also be considered: (a) location where the conduct leading to the injury occurred, (b) the parties' domicile, residence or place of business, and (c) the location where the parties' relationship was centered. *Id.* (citing *Brown v. Church of the Holy Name of Jesus*, 105 R.I. 322, 326–27, 252 A.2d 176, 179 (1969)).

That plaintiff's injury occurred in Massachusetts is the most compelling factor in our choice of law inquiry. The parking lot where she fell straddles the Massachusetts/Rhode Island border. The plaintiff, however, slipped directly in front of her hair salon, which is on the Massachusetts side of the parking lot. The allegedly negligent snow removal occurred in both Rhode Island and Massachusetts but, again, the relevant conduct occurred in Massachusetts. The plaintiff is a resident of Rhode Island, and defendant does business in both Rhode Island and Massachusetts. The relationship between plaintiff and defendant was centered at defendant's shopping plaza,[1] which is in Massachusetts. For the above reasons, and because the parties agreed that Massachusetts law would apply, we will apply Massachusetts negligence law to plaintiff's appeal of the summary judgment.

## III

### Summary Judgment

It is well established that when reviewing a motion for summary judgment, this Court will "examine the matter *de novo* and apply the same standards as those used by the trial court." *JH v. RB*, 796 A.2d 447, 448 (R.I.2002) (quoting *Tavares v. Barbour*, 790 A.2d 1110, 1112 (R.I. 2002)). The motion justice's grant of summary judgment will be upheld "[o]nly when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact." *Id.* at 449 (quoting *Sobanski v. Donahue*, 792 A.2d 57, 59 (R.I.2002)). The party opposing the motion for summary judgment "carries the burden of proving by competent evidence the existence of a disputed material issue of fact and cannot

rest on allegations or denials in the pleadings or on conclusions or legal opinions." *United Lending Corp. v. City of Providence*, 827 A.2d 626, 631 (R.I.2003) (quoting *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996)). The plaintiff may rely on affidavits "to set forth specific facts showing that there is a genuine issue of material fact." *Providence Journal Co. v. Convention Center Authority*, 774 A.2d 40, 46 (R.I. 2001) (quoting *Bourg v. Bristol Boat Co.*, 705 A.2d 969, 971 (R.I.1998)). We will affirm the summary judgment when no genuine issues of material facts remain "and the moving party is entitled to judgment as a matter of law." *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001).

The plaintiff contends that a material issue of fact exists concerning the formation of the ice that caused her fall. The Massachusetts Supreme Judicial Court has held that although a property owner owes a duty of reasonable care to anyone lawfully on the premises, "this duty is not violated by a failure to remove a natural accumulation of snow or ice." *Sullivan v. Town of Brookline*, 416 Mass. 825, 626 N.E.2d 870, 872 (1994) (citing *Aylward v. McCloskey*, 412 Mass. 77, 587 N.E.2d 228 (1992)); *see also Anderson v. Fox Hill Village Homeowners Corp.*, 424 Mass. 365, 676 N.E.2d 821, 823 (1997). The plaintiff argues that the ice was formed by defendant's snow plowing and was not the result of a "natural accumulation."

The plaintiff asks us to consider whether, as a matter of Massachusetts law, ice that is formed after snow has been plowed, then melts, then refreezes, is considered natural accumulation. The Supreme Judicial Court has answered this precise ques-

---

1. The plaintiff testified that she had shopped at Benny's, as well as a paper store in the plaza, on several occasions before she fell. She also testified that she had been to the hair salon every week for about seven or eight months before the accident.

tion in the negative. In *Cooper v. Braver, Healey & Co.,* 320 Mass. 138, 67 N.E.2d 657, 657 (1946), the Supreme Judicial Court held:

> "An owner of land has a right to clear off the snow from his front yard and steps and to deposit it in a pile away from the sidewalk. The piling of the snow is not shown to have artificially created a condition that increased or changed the direction of the flow of water upon the sidewalk from what it would have been on the natural slope of the land if the snow had not been shoveled. The defendant did nothing to confine the water into a definite channel or to accelerate its flow to the public way. In these circumstances, the mere flowing of water from the defendant's premises and the formation of ice upon the sidewalk do not show negligence upon the part of the defendant."

 *Cooper* is dispositive of the issue before us. The plaintiff conceded that the injury occurred on Thursday, January 4, 2001, and that there had been a snowstorm the previous weekend. Both parties testified that the parking lot had been plowed at some point after the snowstorm and that piles of snow lay scattered throughout the lot on January 4. The plaintiff asserts that the ice she slipped on probably was caused by some snow that had been plowed, then melted, then refroze. It is clear that, as a matter of Massachusetts law, "[t]he piling of snow is not shown to have artificially created a condition." *Cooper,* 67 N.E.2d at 657. Furthermore, "the mere flowing of water from the defendant's premises and the for-

mation of ice upon the sidewalk do not show negligence upon the part of the defendant." *Id.*

The plaintiff relies on several Massachusetts cases that did hold a landowner liable for the injuries suffered by a visitor who slipped and fell on ice. *See, e.g., McGeorge v. Grand Realty Trust, Inc.,* 316 Mass. 373, 55 N.E.2d 694, 695 (1944) (concluding that a jury could have found that a landowner had notice of a rotting gutter, the defect that caused the ice that the plaintiff slipped on to form); *Silver v. Cushner,* 300 Mass. 583, 16 N.E.2d 27, 28–29 (1938) (holding the plaintiff was not contributorily negligent when she fell on ice caused by a pipe that had been leaking for over a year); *Watkins v. Goodall,* 138 Mass. 533, 536–37 (1885) (holding that the ice the plaintiff slipped on was formed by a broken pipe that the defendant negligently failed to repair). This case can be distinguished from the case law plaintiff relies on, however, because there was no existing defect on defendant's property that caused the formation of the ice on which plaintiff slipped. The plaintiff merely asserts that defendant was negligent in clearing the ice that was formed after the mounds of snow melted then refroze, not that the ice was caused by a defect on defendant's property.

We do note that if we applied Rhode Island negligence law,[2] we probably would come to a different conclusion. Under Massachusetts negligence law, however, we hold that the defendant is entitled to judgment as a matter of law.

---

**2.** In *Terry v. Central Auto Radiators, Inc.,* 732 A.2d 713, 718–19 n. 7 (R.I.1999), we held that:

> "under the Connecticut Rule[, which replaced the Massachusetts rule in Rhode Island,] and the reasonable prudent person

standard, any duty owed by a business invitor to an invitee is to be evaluated in light of any unusual circumstances that have been created by the business invitor and left to exist at the particular time and place which results in injury to the invitee."

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.