**Maribel OYOLA et al.**

v.

**Carmen BURGOS et al.**

**No. 2004–135–Appeal.**

Supreme Court of Rhode Island.

Jan. 21, 2005.

Michael A. DelSignore, Esq., for Plaintiff.

Edward L. Gnys, III, Esq., for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

WILLIAMS, Chief Justice.

The plaintiffs, Maribel Oyola, Johanka Delgado, Magdelina Santiago, and Brenda Gonzalez (collectively plaintiffs), appeal from the Superior Court's grant of summary judgment in favor of the defendant, Avis Rent–A–Car (Avis). This case came before the Supreme Court for oral argument on November 30, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by

the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

The material facts of this case are not in dispute. On February 11, 2000, Carmen Burgos (Burgos) rented a 1999 Pontiac Grand Am from the Avis office in New Bedford, Massachusetts. According to the rental agreement, the car was to be driven only by the lessee, Burgos, or her spouse, her employer, or another employee. The agreement also provided that additional drivers must be at least twenty-five years old, must be present at the time of the rental, and must sign an additional driver form. Burgos listed a Florida address on the rental agreement, but was, in fact, a resident of Rhode Island.

On February 15th, Burgos, in the face of these restrictions, lent the car to her nineteen-year-old daughter, Maria Gonzalez (Gonzalez), with permission to drive it from Newport to Gonzalez's residence in Providence. The next day, Gonzalez drove the car from Providence to New York City to go shopping. The plaintiffs, all residents of Rhode Island, went along with Gonzalez. En route, while traveling southbound on the Bruckner Expressway (Interstate 95) in the Bronx, New York, the car struck the center divider. After the car was towed away, plaintiffs, and Gonzalez, all of whom allegedly suffered minor injuries, returned to Providence by bus.

The plaintiffs subsequently instituted a negligence action against Gonzalez, Burgos, and Avis,[1] alleging that Gonzalez's negligence, while driving a car rented by Burgos and owned by Avis, caused their personal injuries. Avis moved for summary judgment, arguing that it was not liable for Gonzalez's negligent acts because she did not have permission to drive the vehicle and because she was not a valid driver under the terms of the contract or by way of an additional driver form.

Avis's motion for summary judgment presented the motion justice with a question involving a conflict of laws. Which state's law would govern Avis's liability, New York, Rhode Island, or Massachusetts? At the hearing below, the parties agreed that if Massachusetts or Rhode Island law governed the issue, Avis would not be liable as a matter of law.[2] The

---

1. Burgos and Gonzalez are named defendants in the underlying action, but are not involved in this appeal.

2. In Rhode Island, G.L.1956 § 31–34–4 predicates the liability of a rented vehicle's owner upon the condition that the person driving the automobile had the owner's permission. *See, e.g., Diaz v. Avis Rent–A–Car System, Inc.,* 618 A.2d 1263 (R.I.1992) (mem.). Summary judgment under Massachusetts law is not as cut-and-dried. Massachusetts General Laws, ch. 231, § 85A (2000) makes proof that a defendant is the registered owner of a motor vehicle prima facie evidence of an agency relationship between the defendant owner and the operator of the vehicle. In accordance with Massachusetts's practice of prima facie evidence, the prevailing view of § 85A is that once registration is established, regardless of contrary evidence in the record, sum-

mary judgment is inappropriate. *Lanni v. O'Donnell,* 2004 WL 2550452 at *2–3 (Mass.Super.2004) (citing *Cheek v. Econo–Car Rental System of Boston, Inc.,* 393 Mass. 660, 473 N.E.2d 659, 661 (1985)).

However, § 85A is a "rule of evidence" and "does not change the substantive law of negligence." *Cheek,* 473 N.E.2d at 660. Properly understood as a procedural rule, summary judgment would be appropriate because under *Israel v. National Board of Young Men's Christian Association,* 117 R.I. 614, 620, 369 A.2d 646, 650 (1977), the "procedural law of the forum state applies even if a foreign state's substantive law is applicable." *Accord State v. Briggs,* 756 A.2d 731, 735 (R.I.2000). Section 85A, chapter 231, therefore, would not apply in a Rhode Island forum.

Having ironed out the § 85A wrinkle, the parties' initial assumption is correct. Gonza-

parties disputed, however, what effect New York law would have on Avis's liability.[3]

Applying our interest-weighing analysis for conflict of laws questions in tort cases, the trial justice found New York law did not apply to the case, and therefore, Avis was entitled to summary judgment as a matter of law. Although plaintiffs requested a ruling on exactly which state's law applied, the motion justice declined to elaborate, ruling instead that because New York law was not controlling, plaintiffs could not survive summary judgment.[4] The plaintiffs timely appealed.

 "[W]hen reviewing a motion for summary judgment, this Court will 'examine the matter *de novo* and apply the same standards as those used by the trial court.'" *Taylor v. Mass. Flora Realty Inc.*, 840 A.2d 1126, 1129 (R.I.2004) (quoting *JH v. RB*, 796 A.2d 447, 448 (R.I. 2002)). We will uphold a motion justice's grant of summary judgment when no genuine issues of material fact remain and "the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Heflin v. Koszela*, 774 A.2d 25, 29 (R.I.2001)). Because no material issues of fact exist, the only question before this Court is whether the motion justice erred in his ruling on the conflict of laws.

 This Court previously has adopted an interest-weighing test in tort actions to determine which law will be applied when the facts of a particular case implicate the interests of multiple states. *See Woodward v. Stewart*, 104 R.I. 290, 299–300, 243 A.2d 917, 923 (1968) (adopting the interest-weighing approach to "tort conflicts cases"). "Under the interest-weighing approach, this Court will determine which state 'bears the most significant relationship to the event and the parties.'" *Taylor*, 840 A.2d at 1128 (quoting *Najarian v. National Amusements, Inc.*, 768 A.2d 1253, 1255 (R.I.2001)). In personal injury cases, we traditionally have considered the following factors:

"(a) the place where the injury occurred, (b) the place where the conduct causing injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and, (d) the place where the relationship, if any, between the parties is centered." *Najarian*, 768 A.2d at 1255 (quoting *Brown v. Church of the Holy Name of Jesus*, 105 R.I. 322, 326–27, 252 A.2d 176, 179 (1969)).

This Court has held that "in an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless,

---

lez's alleged negligence would be imputable to Avis only if there was an agency relationship, such that "the defendant had a right to control the result to be accomplished by [Gonzalez] and the means employed to accomplish it." *Cheek*, 473 N.E.2d at 660. The plaintiffs, wisely, make no such claim.

3. The plaintiffs urge the application of *N.Y. Vehicle and Traffic Law* § 388(1) (McKinney 1996), which, as interpreted by the New York Court of Appeals, makes "every owner of a vehicle liable for injuries resulting from negligence 'in the use or operation of such vehicle * * * by any person using or operating the same with the permission, express or implied, of such owner.'" *Murdza v. Zimmerman*, 99

N.Y.2d 375, 756 N.Y.S.2d 505, 786 N.E.2d 440, 441 (2003). Avis points to other language in *Murdza*, arguing that the statutory presumption "may be rebutted * * * by substantial evidence sufficient to show that a vehicle was not operated with the owner's consent" or where "'substantial evidence established that permission was conditioned upon driving in a certain locality.'" *Id.* at 442.

4. On appeal, plaintiffs do not argue that the motion justice erred by refusing to make a conclusive decision as to which state's law applies.

with respect to the particular issue, some other state has a more significant relationship * * *." *Id.* (quoting *Blais v. Aetna Casualty & Surety Co.,* 526 A.2d 854, 856–57 (R.I.1987)). *Accord Taylor,* 840 A.2d at 1128 (noting that "the most important factor is the location where the injury occurred").

The plaintiffs argue that because the accident occurred in New York, our statement that "the local law of the state where the injury occurred determines the rights and liabilities of the parties" should govern the outcome. *Najarian,* 768 A.2d at 1255. In addition, plaintiffs argue that Rhode Island has an important governmental interest in applying New York law so that the Rhode Island residents in this case will receive compensation for their injuries. We are not persuaded that either of these considerations requires the application of New York law in this case.

■ The plaintiffs' arguments overlook an essential feature of our conflict of laws jurisprudence: such questions are issue-specific. *See Woodward,* 104 R.I. at 293, 243 A.2d at 919–20 (noting that the interest-weighing approach "dissects an action into various elements, and governs each individual element or issue by the law of the jurisdiction which has the most significant contacts relative thereto"); *see also* Restatement (Second) *Conflict of Laws,* § 145(1) (1971) ("The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties * * *."). We conclude, in light of our recent statement in *Taylor,* (concerning the location of the injury being the most important factor in tort cases), that New York law might very well apply if the issue before us was the determination of whether Gonzalez was negligent. But since the present case in-volves the question of whether Avis can be sued for the damages arising from Gonzalez's alleged negligence while driving an Avis vehicle without authorization under the lease agreement, we find that the rule in *Taylor* does not apply to this case.

■ The driver, Gonzalez, the lessee, Burgos, and all four plaintiffs are Rhode Island residents. Their shopping trip began in Rhode Island, and, but for a fortuitous accident on a New York roadway, it would have ended in Rhode Island. In addition, Gonzalez's and plaintiffs' relationships with Avis's lessee arose in Rhode Island; Gonzalez, when she borrowed the car from her mother; plaintiffs, when they entered the vehicle. As such, the factors accounting for the residence of the parties and the place where their relationship arose point towards Rhode Island. In addition, according to *Cribb v. Augustyn,* 696 A.2d 285, 288 (R.I.1997), factors (c) (the residence of the parties) and (d) (the locus of the relationship between the parties), "trump" factors (a) (the location of the injury) and (b) (the place where the conduct causing injury occurred), where factors (c) and (d) point strongly toward Rhode Island. Although the location of the injury and the conduct that led to the accident (the alleged negligent driving) point toward New York, these are the only factors that do so. We are mindful that we are not asked to pass upon the issue of negligence, which, under *Taylor,* may very well be governed by the law of New York. This appeal involves the conflict of laws issue concerning who are the proper parties and whether Avis can face liability.

On the facts presented, we hold that the motion justice did not err in finding that New York did not have the most significant interest. Summary judgment was, therefore, proper. For the reasons stated herein, we affirm the decision of the Supe-

rior Court. The record in this case shall be remanded to the Superior Court.