DECISION
Before the Court is defendant Pratt Whitney's (Pratt) motion for summary judgment pursuant to Super. R. Civ. P. Rule 56. The plaintiff, William Barger (Mr. Barger), objects to the motion.
 Facts/Travel
Mr. Barger filed a complaint on October 13, 2005, alleging,inter alia, that he had suffered personal injuries as a result of exposure to asbestos-containing aircrafts, aircraft engines, and parts manufactured by Pratt, a national corporation incorporated in Delaware with its principal place of business in Connecticut.
Barger's military record and the testimony in his deposition indicate that he was a member of the United States Army Air Corps (Air Corps) from 1942 to 1946. He joined the Air Corps in Tennessee and was immediately shipped to Fort Oglethorpe in Georgia. He was next stationed at Smyrna Air Force in Tennessee for basic training, and then to Goldsboro, North Carolina, for mechanic aircraft school. Subsequently, he was shipped to Vultree Aircraft School in Nashville, Tennessee, where he trained for one month diagnosing engine problems. Mr. Barger left Vultree in August of 1943 and spent the rest of his military career stationed at bases in Texas, Louisiana, Colorado, and California before he was honorably discharged in 1946.
In addition, the plaintiff's wife, Plessie Emmajean Barger, has filed a related loss of consortium claim.
 Standard of Review
"Summary judgment is appropriate when, viewing the facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party, the court determines that there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Tavares v. Barbour,790 A.2d 1110, 1112 (R.I. 2002) (quoting Delta Airlines, Inc. v.Neary, 785 A.2d 1123, 1126 (R.I. 2001)). "Although the moving party bears the initial burden of establishing that no genuine issue of material fact exists for a finder of fact to resolve . . . it can carry this burden successfully by submitting evidentiary materials, such as interrogatory answers, deposition testimony, admissions, or other specific documents, and/or pointing to the absence of such items in the evidence adduced by the parties." Heflin v. Koszela, 774 A.2d 25, 29 (R.I. 2001) (quoting Doe v. Gelineau, 732 A.2d 43, 48 (R.I. 1999)). "If the moving party satisfies this burden, the nonmoving party then must identify any evidentiary materials already before the court and/or present its own competent evidence demonstrating that material facts remain in genuine dispute." Id.
The nonmoving party can meet this burden through affidavits or other evidence, but may not rely upon mere allegations or conclusions. Bourg v. Bristol Boat Co., 705 A.2d 969,971 (R.I. 1998) (citing St. Paul Fire Marine Ins.Co. v. Russo Bros., Inc., 641 A.2d 1297, 1299 (R.I. 1994)). If the nonmoving party can demonstrate that an issue of material fact exists, the motion will be denied.Palmisciano v. Burrillville Racing Ass'n,603 A.2d 317, 320 (R.I. 1992) (citing Evans v. Liguori,118 R.I. 389, 394, 374 A.2d 774, 776 (1977)).
 Law and Analysis
Pratt argues that the Court should apply Tennessee law to this case because that state bears the most significant relationship to the claim. Under Tennessee law, Pratt's argument proceeds, this claim is barred by the Tennessee Product Liability Act and therefore should be dismissed.
In opposing the motion for summary judgment, Mr. Barger claims that: 1) the defendant's argument is untimely and 2) Tennessee does not have the most significant relationship to this case because it was only one of several states where Mr. Barger was arguably exposed to asbestos while serving in the Air Corps.
Timeliness of the Argument
Mr. Barger claims that Pratt's argument on choice of law is barred by Rocchio v. Morretti, 694 A.2d 704 (R.I. 1997), which interpreted the requirements of Super. R. Civ. P. Rule 44.1.[1] In that case, the Rhode Island Supreme Court held that the plaintiff's argument based on the application of foreign law was precluded because the plaintiff had not given any notice of this argument in the pleadings or otherwise. Rocchio,694 A.2d at 706. In this case, Pratt raised its foreign law argument in its motion for summary judgment, which was filed almost two months before it was argued before the Court. This gave Mr. Barger adequate notice of Pratt's plan to raise the issue at the argument at the summary judgment.
Choice of Law
Rhode Island has adopted an interest-weighing test in tort actions to determine which law to apply when several states have an interest in the matter. Oyola v. Burgos, 864 A.2d 624, 627
(R.I. 2005) (citing Woodward v. Stewart, 104 R.I. 290, 299-300,243 A.2d 917, 923 (1968)). Under this approach, the court "will determine which state `bears the most significant relationship to the event and the parties.'" Najarian v. National Amusements,Inc., 768 A.2d 1253, 1255 (R.I. 2001) (quoting Cribb v.Augustyn, 696 A.2d 285, 288 (R.I. 1997)). "Factors which must be weighed in determining which law applies are (1) predictability of result; (2) maintenance of interstate and international order; (3) simplification of the judicial task; (4) advancement of the forum's governmental interests; and (5) application of the better rule of law." Id. (quoting Pardey v. Boulevard Billiard Club,518 A.2d 1349, 1351 (citing Brown v. Church of the Holy Name ofJesus, 105 R.I. 322, 252 A.2d 176 (1969))).
In tort cases, the court also considers the following contacts to determine the most significant relationship: "(a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." Brown, 105 R.I. at 326-27,252 A.2d at 179; see also Restatement (Second) Conflict ofLaws § 145 (1971).
Here, Pratt argues that, because Mr. Barger is a domicile of Tennessee and alleges that part of his injury occurred there, Tennessee bears the most significant relation to the case. However, Mr. Barger disagrees, stating that because he only spent one month in Tennessee exposed to asbestos, and spent the rest of his military career in other states (North Carolina, Florida, Texas, Louisiana, Colorado, and California), the Court should not apply Tennessee law and its statute of repose.
To determine the proper law to apply in a case, the Court must analyze the facts in terms of the interest-weighing factors listed above. Although the Rhode Island Supreme Court has rejected a strict lex loci delicti approach to a choice-of-law determination in Woodward, the state where the injury occurred will often be found to have the strongest interest in a case. See Najarian, 768 A.2d at 1255; Restatement (Second) Conflict of Laws § 145 (1971). In addition, applying the law of the state where the injury occurred often furthers the goal comports with the reasonable expectations of the parties. Id.
But the present case is different from most personal injury claims in that Mr. Barger claims he was injured in several different states. All of these states possess an interest in the matter, and there is no evidence to suggest that Tennessee's interest is stronger than that of the other states. There is no reason that either Mr. Barger or Pratt should have expected that Tennessee law would be chosen over the laws of the other states in this case, and there is no evidence before the Court to suggest that Tennessee has a more significant relationship to the case than the other states in which the injury is alleged to have occurred. Thus, applying Tennessee law would not further the goals of predictability and the maintenance of interstate order.
Although Mr. Barger is a domiciliary of Tennessee and may have been exposed to asbestos there for one month, such contacts are not sufficient to compel the Court to abandon the laws of Rhode Island in favor of the laws of Tennessee.[2] Rhode Island is an appropriate forum state and, as asbestos-related litigation is a matter of national import, Rhode Island has an interest in the resolution of these cases. Asbestos litigation, by its very nature, cannot be considered a local issue, and therefore, it is in the interest of Rhode Island, the forum state, to apply its laws to this case. As Pratt has not demonstrated that Tennessee has the most significant relationship to this case, the choice-of-law factors weigh in favor of applying the law of the forum state.
 Conclusion
Accordingly, Rhode Island law will govern in this case, and therefore, the Tennessee Statute of Repose does not apply. The motion for summary judgment is denied.
Counsel shall submit an order for entry consistent with this Decision.
[1] R.C.P. 44.1 reads in relevant part:
 "A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice."
Although the rule speaks to law of a foreign country, the Rhode Island Supreme Court has held that the "committee notes to that rule make it clear that the intention was to require notice in any case involving law of a foreign country or state[.]"Rocchio, 694 A.2d at 706, n. 2.
[2] In tort cases that do not involve the multistate publication of matter that injures plaintiff's reputation, causes him financial injury, or invades his right of privacy, "[t]he fact . . . that one of the parties is domiciled or does business in a given state will usually carry little weight of itself." Restatement (Second) Conflicts of Law § 145 (1971).